629 P.2d 1010

In the Matter of the Trust of Kenneth L. HAYES, Deceased.

Rollin B. MOORE, Jr., Personal Representative of the Estate of Janet K. Thompson, deceased; and Rollin B. Moore, Jr., and Carolyn Moore Caine, Petitioners-Appellants,

v.

The VALLEY NATIONAL BANK OF ARIZONA, a National Banking Association, Trustee of the Revocable Life Trust of Kenneth L. Hayes; Judith H. Farley, Warwick J. Hayes, Jr., Helen Hayes Kintz, Cornelia H. Mackey, Dorothy H. Paulson, Patricia H. Poluchin, Bertine H. Swenson, Edwin H. L. Thompson, II, Hoyt Hayes Thompson and Mason L. Thompson, Jr., Respondents-Appellees.

No. 1 CA–CIV 4610.

Court of Appeals of Arizona, Division 1, Department A.

April 7, 1981.

Rehearing Denied May 28, 1981.

Review Denied June 23, 1981.

Romley & Sherk by Elias M. Romley, and Robert A. Scheffing, Phoenix, for petitioners-appellants.

Snell & Wilmer by Roland R. Kruse, Phoenix, for respondents-appellees.

OPINION

DONOFRIO, Judge.

Rollin B. Moore, Jr., as personal representative, and Rollin B. Moore, Jr. and Carolyn Moore Caine as residuary devisees of the estate of Janet K. Thompson have appealed the granting of a summary judgment to Valley National Bank, et al. Because we find the appellants are without standing to maintain this action, either here or in the lower court, we dismiss the appeal.

On January 13, 1965, Kenneth L. Hayes executed a revocable life trust in which he transferred his sole and separate property

to the Valley National Bank of Arizona, as named trustee. The revocable life trust provided that upon the death of Kenneth L. Hayes the trustee should divide the trust estate into a marital trust designated as Trust No. 1 and a residuary trust designated as Trust No. 2. Only Trust No. 1 is involved in this litigation.

Kenneth Hayes died on April 25, 1973 and the trustee divided the trust estate into Trust No. 1 and Trust No. 2 as directed by the revocable life trust. Kenneth Hayes' wife, Janet K. Hayes, survived him and later remarried becoming Janet K. Thompson. Her second husband died and Janet K. Thompson was again a widow when she died on June 25, 1976.

Janet Thompson's last will and testament designated her nephew, Rollin B. Moore, Jr. and her niece, Carolyn Moore Caine, as her residuary devisees and named the former as the personal representative. She did not in this will, or otherwise, exercise her power to appointment as provided in the trust agreement.

Rollin B. Moore, Jr., as personal representative of Thompson's estate, included the property held by the trustee in Kenneth Hayes' Trust No. 1 in the taxable estate of Janet Thompson pursuant to § 2041 of the Internal Revenue Code of 1954 and paid the estate taxes on Janet K. Thompson's estate.

Rollin B. Moore, Jr. and Carolyn Moore Caine, as devisees of Thompson's estate and Rollin B. Moore, Jr., as the personal representative of Thompson's estate, filed a Petition Relating to Administration, etc. in the Superior Court of Maricopa County under A.R.S. § 14–7201 claiming that the provisions of Kenneth's life trust required that Hayes' Trust No. 1 be obligated to pay them the portion of the Janet K. Thompson's estate tax that was attributable to the trust property.[1]

Probate proceedings were pending in another action at the time this proceeding was brought. Reciprocal motions for summary judgment were filed by the parties. The Superior Court of Maricopa County denied the appellants' motion for summary judgment and granted the appellees' motion for summary judgment and dismissed the petition with prejudice. This appeal followed.

The appellants, in their individual capacity as residuary devisees under Thompson's will, claim that they have standing as interested persons under A.R.S. § 14–7201 which provides in part:

A. The court has exclusive jurisdiction of proceedings initiated by interested parties concerning the internal affairs of trust. Proceedings which may be maintained under this section are those concerning the administration and distribution of trusts, the declaration of rights and the determination of other matters involving trustees and beneficiaries of trusts. These include, but are not limited to, proceedings to:

\* \* \* \* \* \*

3. Ascertain beneficiaries, determine any question arising in the administration or distribution of any trust including questions of construction of trust instruments, instruct trustees and determine the existence or nonexistence of any immunity, power, privilege, duty or right.

We disagree.

The general definition of interested persons for Title 14 is contained in A.R.S. § 14–1201 which provides that " \* \* \* [t]he meaning as it relates to particular persons may vary from time to time and must be

---

1. "Upon the death of Trustor's wife, if she shall survive Trustor, after first paying any inheritance, estate or other death taxes that may by reason of the death of Trustor's wife be due upon or in connection with her share of the trust estate of Trust No. 1 or any portion thereof and which the Trustee may be required to pay, the Trustee shall distribute and deliver all of the remaining balance of Trust No. 1, including any income from such share that may then be undistributed by Trustee, as she shall appoint in her will, free of this trust, to her estate or in favor of any other person or persons. It is the intention of Trustor that Janet K. Hayes shall have the broadest possible power of appointment by will as to the principal of this trust remaining at her death (which power shall be exercisable by her alone and in all events), but in the event Trustor's wife fails to exercise her power of appointment, the remaining principal of Trust No. 1 shall be disposed of in the same manner as the principal of Trust No. 2."

determined according to the particular purposes of, and matter involved in, any proceeding."

We have found no Arizona cases or cases in any other jurisdiction dealing with a similar issue of standing. Therefore, we turn to the Restatement of Trusts (2nd) (1959) for guidance.

§ 200. Persons Other Than Beneficiaries
No one except a beneficiary or one suing on his behalf can maintain a suit against the trustee to enforce the trust or to enjoin or obtain redress for a breach of trust.

§ 126. Incidental Beneficiary
A person is not a beneficiary of a trust if the settlor does not manifest an intention to give him a beneficial interest, although he may incidentally benefit from the performance of the trust.

In our case the settlor, Kenneth L. Hayes, did not manifest an intention in the trust agreement to give beneficial interest to Rollin Moore, Jr. and Carolyn Moore Caine. Therefore, under § 200 of the Restatement of Trusts (2d) they have no standing as residuary devisees to maintain this action.

The petitioners also argue that Rollin B. Moore, Jr., in his capacity as personal representative, has standing to maintain this action. Again we disagree. A.R.S. § 14–3715 provides that the powers of a personal representative may be restricted by the will.[2] Our examination of Thompson's will shows that the personal representative was directed to pay all inheritance, estate and other death taxes out of the residue of her estate and was restricted from collecting from any beneficiary of her probate estate or from

any transferee or beneficiary outside her probate estate any such taxes.[3] Therefore, because of this provision in the will, the personal representative has no authority to maintain this action. *See Brewer v. Petterson,* 9 Ariz.App. 455, 453 P.2d 966 (1969); *See also* Effland, *Ariz. Probate Code Practice Manual,* § 5.12(b) (Ariz.State Bar—1973).

Because of our resolution of the jurisdictional issue of standing, we will not discuss the merits of this case. Finding that none of the appellants had standing either here or in the trial court, the appeal is dismissed.

WREN, C. J., and EUBANK, J., concur.

---

**2.** § 14–3715 *Transactions authorized for personal representatives; exceptions*
Except as restricted or otherwise provided by the will or by an order in a formal proceeding and subject to the priorities stated in § 14–3902, a personal representative, acting reasonably for the benefit of the interested persons, may properly:
\* \* \* \* \* \*
22. Prosecute or defend claims, or proceedings in any jurisdiction for the protection of the state and of the personal representative in the performance of his duties.

**3.** Article V of Thompson's will reads as follows:

"I direct that all inheritance, estate or other death taxes that may by reason of my death be attributable to my probate estate or any portion of it, or to any property or transfers of property outside my probate estate, shall be paid by my Personal Representative out of the residue of my estate, to the extent that the residue is sufficient to pay such taxes, and *shall not be charged against or collected from any beneficiary of my probate estate, or from any transferee or beneficiary of any property outside my probate estate,* unless the residue of my estate is insufficient to pay such taxes." (Emphasis supplied)