### In re Clyve Arlyn and Mary Juanice CYPERT, Debtors.

**Bankruptcy No. 585–50177.**

United States Bankruptcy Court, N.D. Texas, Lubbock Division.

Jan. 7, 1987.

450

Melba Herron Richards, McWhorter, Cobb and Johnson, Lubbock, for trustee.

W. Hollis Webb, Jr., Baker, Field, Clifford, Kier & Webb, Lubbock, for debtors.

## MEMORANDUM OPINION

HAROLD C. ABRAMSON, Bankruptcy Judge.

In this proceeding, came on for hearing the Trustee's objection to exemptions. The Court finds that this is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (O).

The Court has had an opportunity to review the various pleadings, briefs, stipulated facts, and case law regarding the two issues presented in the above-referenced proceeding. The two issues are: (1) whether the property covered by the Last Will and Testament of Vance Truman Cypert and designated therein as trust property became property of the bankruptcy estate of the above-referenced debtors; and (2) whether a 1975 Glass Par Boat may be claimed by the debtors as exempt property under Tex.Prop.Code sec. 42.002(3)(E) (Vernon 1984). The Court is of the view that the debtor is correct in arguing that the property covered by the Last Will and Testament is not property of the estate and the Trustee is correct in arguing that the 1975 Glass Par Boat is not exempt property.

The stipulated facts indicate that the principal beneficiary of the Last Will and Testament of Vance Truman Cypert (the "Will"), Annie Cypert, surviving spouse of the testator, is still alive. The Will directs the trustee of the trust property to make the disbursements necessary to maintain Annie Cypert in a reasonable standard of living, not greater than she enjoyed at the time of the testator's death. Only if there is trust income remaining after satisfying this requirement do the other beneficiaries become entitled to receive trust income, subject to the discretion of the trustee. (Will, para. 3). Additionally, paragraph 11 prohibits involuntary alienation for creditors or anticipation of disbursements by beneficiaries. In the codicil attached to the Will, the testator has placed further restrictions on possible distributions to the other beneficiaries. The debtor, Clyve Cypert, is such an other beneficiary. The effect of these provisions is to restrict the alienability of the trust property in such a manner as to create a "spendthrift trust." *See, Nunn v. Titche-Goettinger Co.,* 245 S.W. 421 (Tex.Comm. App.1922, judgment adopted). These restrictions are enforceable in bankruptcy. 11 U.S.C. sec 541(c)(2); *Matter of Goff,* 706 F.2d 574, 581–82 (5th Cir.1983).

The Court's review of the pertinent Texas case law convinces the Court that there is no part of the trust property within the property of the estate of the above-named debtors. The twin cases of *Patten v. Herring*, 9 Tex.Civ.App. 640, 29 S.W. 388 (1895, writ ref'd); and *Herring v. Patten*, 18 Tex.Civ.App. 147, 44 S.W. 50 (1898, writ ref'd); appear to be the most pertinent expositions of the applicable Texas law on the subject of spendthrift trusts and the rights of creditors of the beneficiary. These cases remain viable even today, and they establish that the bankruptcy trustee in this case has no claim to the trust property. *See, First Bank & Trust v. Goss*, 533 S.W.2d 93 (Tex.Civ.App.—Houston (1st Dist.) 1976, no writ).

■ The bankruptcy trustee, David R. Langston, raises three exceptions to the restriction on alienation imposed by a spendthrift trust based upon alleged common law. These are the supposed right of the beneficiary to force the disbursement of trust property for necessaries, the right of so-called "necessaries creditors" to reach the trust property to satisfy claims for necessary goods and services, and the right of the IRS to reach the trust property to satisfy tax liability. The latter two alleged exceptions are particular to certain hypothetical creditors and would not be considered property of the estate in any case. Nor may the bankruptcy trustee assert that he succeeds to rights held by individual *creditors* for the purpose of attacking the spendthrift trust under consideration. *Matter of Russo*, 18 B.R. 257, 271 (Bankr.E.D.N.Y.1982). 11 U.S.C. sec. 544(b) applies only to the avoidance of a transfer by the debtor, here we are concerned with a transfer made by a third party. Merely because the bankruptcy trustee acts as a representative of the debtor's creditors as to the bankruptcy estate does not place the trustee in the position of the creditors for every purpose. The fact that certain creditors may have a claim against the trust property does not enlarge the rights of the bankruptcy trustee.

■ As to the first exception to the spendthrift trust raised by the bankruptcy trustee—the right of the beneficiary to compel a disbursement for necessaries is far from automatic. *See, Lucas v. Lucas*, 365 S.W.2d 372 (Tex.Civ.App.—Beaumont 1962, no writ); *First Bank & Trust v. Goss, supra*. The issue has been decided under the Bankruptcy Act adverse to the trustee's contentions and the reasoning is applicable under these circumstances. *Matter of Turpin*, 644 F.2d 472 (5th Cir. 1981). There the Court of Appeals states: "Providing the bankrupt with a 'fresh start' means assuring him that assets to which he may become entitled *in the future* will be acquired free of any pre-bankruptcy obligations." *Id.* at 475. The trustee argues that the eventual future right of the debtor to obtain disbursements entitles the estate to those disbursements. This Court recognizes that *Turpin* has been limited under the Bankruptcy Code, see *In re O'Brien*, 50 B.R. 67 (Bankr.E.D.Va.1985); but the trustee's argument goes too far on this point. Were the Court to accept the proposition that the eventual *future* right of the debtor to obtain a disbursement of the trust property would vest in the trustee and allow the trustee to obtain the trust property against the express prohibition of such anticipation in the Will itself, that interpretation of 11 U.S.C. sec. 541(a)(1) would render the controlling statutory provision, 11 U.S.C. sec. 541(c)(2), a nullity. Of course, the Court will not so construe the law. *In re Forbes*, 65 B.R. 58, 14 B.C.D 1230 (Bankr.S.D.Fla.1986). See also, *In re Bizon*, 28 B.R. 886 (Bankr.D.Md. 1983) *affirmed*, 42 B.R. 338 (D.Md.1984).

■ The debtor has claimed as exempt a 1975 Glass Par Boat. The exemption is based on Section 42.002(3)(E) of the Texas Property Code. This provision exempts "athletic and sporting equipment", if reasonably necessary for the family or single adult. The debtor argues that, just as a fishing rod and reel would be considered "sporting equipment" within the exemption, so also should the fishing boat be considered exempt. The Court is of the view that this proposition must be rejected.

There is no showing that the boat is reasonably necessary for the family of the debtor, and it is highly unlikely that any such showing could be made.

The Court requests the attorney for the debtor to prepare findings of fact and conclusions of law and to submit same to opposing counsel and to this Court within fifteen (15) days from receipt of this letter. The findings should state that this matter is a core proceeding. If such findings are controverted by the attorney for the trustee, then a letter explaining the basis of such exception is to be submitted within twenty (20) days of receipt of this letter.[1]

---

1. The above constitutes Findings of Fact and Conclusions of Law under Bankruptcy Rule 7052.