**In re Ray Don GIBSON and wife, Deborah Ann Gibson, Debtors.**

**Bankruptcy No. 586–50577.**

United States Bankruptcy Court, N.D. Texas, Lubbock Division.

Jan. 27, 1987.

7. At the pre-trial conference, the parties agreed that there was no factual dispute and that the

case could be decided on briefs.

Walker Metcalf, Lubbock, Tex., for debtors.

David R. Langston, McWhorter, Cobb & Johnson, Lubbock, Tex., trustee.

### ORDER SUSTAINING TRUSTEE'S OBJECTION TO CLAIMED EXEMPTIONS

JOHN C. AKARD, Bankruptcy Judge.

On January 12, 1987 came on to be heard the Trustee's Objection to Claimed Exemptions. The Debtors have claimed as exempt a 1968 Rivers boat which they state has a value of $800.00 and a 1972 Holiday trailer which they state has a value of $1,500.00.

The boat is used by the family for recreational purposes, principally water skiing, and the Debtors therefore assert that it is exempt as part of their "athletic and sporting equipment." Section 42.002(3)(E) of the Texas Property Code allows the Debtors as exempt "if reasonably necessary for the family or single adult ... athletic and sporting equipment." The Debtors assert that under this provision, ski ropes and related items are athletic and sporting equipment and that the boat for water skiing is a necessity reasonably associated with that equipment. It is the feeling of the Court that the boat is not "reasonably necessary for the family" and that the "athletic and sporting equipment" should be limited to small items for individual use. The term "equipment" certainly does not include a large item such as a boat and motor. This conclusion is consistent with the decision of Judge Harold C. Abramson, Bankruptcy Judge of the Northern District of Texas, in deciding a case in the Lubbock Division, Clyve Arlyn Cypert and Mary Janice Cypert, in a Memorandum Opinion dated January 6, 1987, 68 B.R. 449 (Bkrtcy.N.D.Tex.1987).

The Debtors state that the 1972 Holiday trailer is exempt under § 42.002(4) of the Texas Property Code. The Debtors have already claimed as exempt a 1978 Ford pickup and a 1968 Volkswagen automobile under those provisions. The Debtors have equity in both of those vehicles. In addition, the Debtors claimed as exempt under the same provisions a 1985 Ford van and a 1985 Ford Escort in which they claim they have no equity. That statute allows the Debtors to claim as exempt, if not held for business purposes, passenger cars and light trucks as defined in § 2 of the Uniform Act Regulating Traffic on Highways, which has been codified as Article 6701d of the Texas Statutes. The trailer is not motorized and does not fit the definition of a passenger car or light truck as contained in Article 6701d.

Section 42.002(4) of the Texas Property Code contains an alternative provision al-

lowing the Debtors to claim in lieu of the passenger cars and light trucks, any two of various categories of means of travel. One of those categories is a truck and another is an automobile. Both of these have been used by the Debtors in their claim of the pickup and the Volkswagen. If the Debtors are using this alternative section, the Ford van and the Ford Escort would not be considered as exempt, although the Debtors could probably keep them because they have no equity in the vehicles. The alternative provisions do not allow an exemption for a travel trailer of the type which the Debtors seek to claim as exempt.

It is therefore ORDERED that the Debtors' claims of exemption to the 1972 Holiday travel trailer (including all of the items affixed thereto whether located within or without the trailer) and the 1968 Rivers boat (including the motor and all items customarily affixed thereto and any trailer used in connection therewith) are hereby denied and the Debtors are ordered to deliver such items to the Trustee within ten days from the entry of this Order.