**In re Robert Calvin PAYTON, Jacqueline Marie Payton, Debtors.**

**No. 1–86–00620.**

United States Bankruptcy Court,
W.D. Texas,
Austin Division.

March 13, 1987.

Patrick C. Hargadon, Austin, Tex., for debtor.

Evelyn N. Howard-Hand, Kammerman, Overstreet & Hurren, Austin, Tex., for trustee.

## MEMORANDUM DECISION AND ORDER

LARRY E. KELLY, Bankruptcy Judge.

On the 7th day of January 1987 came on to be considered the Trustee's Objection to the Amended Exemptions filed by the Debtors in the above styled and numbered case; and

It appearing to the Court that this case was filed on July 8, 1986 and the First Meeting of Creditors was set for and held on October 6, 1986. No extension of time to object to exemptions was ever requested by any party.

The last date for filing an objection to exemptions was 30 days after the conclusion of the First Meeting of Creditors, which in this case would be November 5, 1986.

On October 14, 1986, the Debtors amended their claim of exemptions by "deleting" one item. A boat, made the subject of the Trustee's objection in this case, was claimed on the original list of exemptions and this claim was not in any way altered by the amendment of October 14, 1986.

The Trustee's objection to amended exemptions was filed on November 12, 1986 which, was within 30 days of the October 14 amendment, but not within 30 days of the conclusion of the First Meeting of Creditors.

## ISSUE

The issue presented to the Court is whether any amendment to exemptions reopens the 30-day objection period found in Bankruptcy Rule 4003(b), even as to property that was not the subject of the amendment.

## DISCUSSION

The Court finds that Bankruptcy Rule 4003(b) provides in pertinent part as follows:

"Objections to claims of exemptions. The Trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the Meeting of Creditors held

pursuant to Rule 2003(a) or the filing of *any amendments* to the list unless, within such period, further time is granted by the Court ..." (emphasis added).

This Court would first note that it does not believe that a boat, such as the one described in the B–4 Schedules and claimed exempt by the Debtor in this case, is subject to exemption under Texas Property Code Section 42.002(3)(E) as sporting goods. *See e.g., In re Cypert,* 68 B.R. 449 (Bankr.N.D.Tex.1987). However, if no objection was timely filed, then the exemption would be allowable.

 Therefore, the key issue is whether "any" amendment reopens the time period for asserting an objection within 30 days after the date of such amendment, even if such amendment does not in any way alter the original claim. This Court does not believe that is the case. *See Matter of Gullickson,* 39 B.R. 922, 923 (Bankr.W.D. Wisc.1984) (The rules must be construed reasonably. It seems clear that the Bankruptcy Rule intended to allow for objections to those amendments which are actually made, and not to reopen previously determined issues.) This Court feels that although no objection was made and no ruling entered by the Court, it is clear that the objection time period is definite, the schedules were available and there is no issue presented to the Court for estoppel or any other equitable reason to extend the 30–day period provided for by the Rules, and no application was made on a timely basis to extend the 30 days allowed by the Rules for filing of objections. It appears clear to this Court that the 30–day period ran, the claimed exemption was at issue when the claim was made, and no timely objection being interposed the Trustee's objection is hereby denied.

It is, therefore, ORDERED that the Trustee's Objection to Amended Exemptions of Debtors' claimed exemption of a boat is OVERRULED and the exemption allowed.