896 F.2d 373
 58 USLW 2538, 20 Bankr.Ct.Dec. 173, Bankr.
L. Rep. P 73,273
 In re Edward R. FITZSIMMONS, Debtor.
Aneita LITCHFIELD; Heather Litchfield Mobarek; Shirley
Foley; Darrel Litchfield, and Susan Litchfield,
Plaintiffs-Appellees,
v.
M. NOLDEN, Trustee of the Chapter 7 Estate of Edward R.
Fitzsimmons, Trustee-Appellant.
 No. 88-15013.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted June 28, 1989.
Decided Feb. 13, 1990.
 
 Kyle Gee, Oakland, Cal., for trustee-appellant.
 Jamie O. Harris, San Francisco, Cal., for plaintiffs-appellees.
 Appeal from the United States District Court for the Northern District of California.
 Before TANG, REINHARDT and WIGGINS, Circuit Judges.
 TANG, Circuit Judge:
 
 
 1
 M. Nolden (the "bankruptcy trustee") appeals the order of the district court reversing a summary judgment entered in the bankruptcy court. The district court ruled that the bankruptcy trustee could not reach the interest of Edward R. Fitzsimmons ("Fitzsimmons") in a trust which contained a forfeiture-on-alienation clause. We affirm.
 
 FACTS AND PROCEEDINGS BELOW
 
 2
 In 1970, Galen Litchfield established an inter vivos land trust (the "Litchfield trust") which was amended several times over the course of six years. At the time of this lawsuit, the Litchfield trust named Fitzsimmons, the debtor in this bankruptcy, as one of the beneficiaries. The Litchfield trust provided in Article Seven that:
 
 
 3
 No beneficiary of this trust, other than Trustor, shall have any right to assign, sell, transfer or otherwise dispose of his interest hereunder and any attempt by any beneficiary other than Trustor to make any such assignment, transfer, sale or other disposition of his interest in the trust shall be determined to be and shall constitute a renunciation of all rights and interest of such beneficiary in the trust estate. The death of a beneficiary shall also constitute a complete termination of such beneficiary's interest in the trust and the trust estate and any payments accrued or undistributed by the Trustee at the time of the death or such termination of a beneficiary's interest shall be distributed to the then living beneficiaries otherwise entitled to distributions from the trust estate.
 
 
 4
 The Litchfield trustee had full authority to manage the estate, with two restrictions: he could not sell any of the land for less than certain amounts specified in the trust document, and any properties remaining unsold twenty years after the trustor's death were to be sold at public auction with the proceeds to be distributed among the then-living beneficiaries. The Litchfield trust specified that it was to be construed under Arizona law.
 
 
 5
 In July 1980, Fitzsimmons filed a petition for reorganization under Chapter 11 of the federal Bankruptcy Code. Three years later, over Fitzsimmons' objection, the case was converted to a Chapter 7 liquidation. The United States has a claim for tax arrearages against the bankruptcy estate of approximately seven million dollars, which apparently exceeds the total value of the bankruptcy estate.
 
 
 6
 On July 22, 1986, the Litchfield trust beneficiaries other than Fitzsimmons (the "Litchfield trust beneficiaries") began proceedings to obtain a declaratory judgment that neither Fitzsimmons nor the bankruptcy trustee had any interest in the Litchfield trust. On January 23, 1987, the Litchfield beneficiaries moved for summary judgment. The bankruptcy trustee filed a cross-motion for summary judgment, which sought a declaration that Fitzsimmons' interest in the Litchfield trust was part of the bankruptcy estate. The bankruptcy judge granted the bankruptcy trustee's motion.
 
 
 7
 The Litchfield beneficiaries appealed to the district court. The district court reversed the bankruptcy court and ruled in favor of the Litchfield trust beneficiaries. The bankruptcy trustee appeals. Fitzsimmons is not a party to this appeal.
 
 DISCUSSION
 
 8
 1. THE VALIDITY OF ARTICLE SEVEN OF THE LITCHFIELD TRUST UNDER ARIZONA LAW
 
 
 9
 The bankruptcy trustee contends that Article Seven of the Litchfield trust cannot be enforced under Arizona law. We disagree and conclude that the forfeiture-on-alienation clause[1] is valid.
 
 
 10
 We review the district court's determinations of state law de novo. See Matter of McLinn, 739 F.2d 1395, 1398 (9th Cir.1984) (en banc).
 
 
 11
 Arizona has no statute or case law specifically addressing the validity of forfeiture-on-alienation clauses in trusts. When there is no authority to the contrary, Arizona courts have turned to the Restatement (Second) of Trusts (1959). Matter of Hayes, 129 Ariz. 174, 176, 629 P.2d 1010, 1012 (Ariz.Ct.App.1981). We conclude that the Restatement (Second) of Trusts validates this forfeiture-on-alienation of a life interest. See Restatement (Second) of Trusts (1959) Secs. 150 and 153. Section 150 of the Restatement states that a forfeiture on alienation clause operates subject to the limitations of Section 153. See id. Sec. 150. Section 153 invalidates a restraint on alienation when (1) the restraint was part of a spendthrift trust made for the settlor's benefit, (2) the restraint was part of a spendthrift trust or trust for support, and certain types of claimants are involved, (3) the beneficiary can receive transfer of the principal immediately (at the time of conveyance or on demand), (4) the principal goes to the beneficiary's estate. See id. Sec. 153.
 
 
 12
 Here, none of Section 153 limitations apply. The restraint on alienation at issue is a forfeiture of a life interest clause, not a trust for support or a spendthrift trust; thus, neither of the first two exceptions apply. Article Seven does not provide for immediate transfer. Thus, the third exception does not apply. Lastly, Fitzsimmons was granted only a life interest (Article Seven states that "[t]he death of a beneficiary shall also constitute a complete termination of such beneficiary's interest in the trust."). Therefore, there could never be a future transfer to Fitzsimmons' estate. Consequently, the last exception does not apply. Because Section 153 does not apply, the clause is valid under Section 150 of the Restatement.
 
 
 13
 Our construction of the interplay of Sections 150 and 153 finds support in the most basic of trust law treatises, 2A A. Scott & W. Fratcher, The Law of Trusts (4th ed. 1987). Scott states: "Where a beneficiary has a life interest under a trust, and it is provided that his interest should terminate if he should become bankrupt, it is well settled that the provision is valid." Id. at 77. As outlined above, Fitzsimmons holds a life interest; thus, as Scott indicates, the restraint is valid.
 
 
 14
 We therefore conclude that the district court was correct in holding that Article Seven of the Litchfield trust is enforceable under Arizona law.
 
 2. THE EFFECT OF THE BANKRUPTCY FILING
 
 15
 Even if Article Seven is valid, the bankruptcy trustee contends that the district court erred because there has been no forfeiture because Fitzsimmons' Chapter 11 filing was not an attempted "assignment, transfer, sale or other disposition of his interest" within the meaning of Article Seven of the Litchfield trust. We disagree and affirm the district court's conclusion that Fitzsimmons forfeited his interest within the meaning of the Litchfield trust.
 
 
 16
 We review the bankruptcy court's conclusions of law de novo. In Re Taylor, 884 F.2d 478, 480 (9th Cir.1987).
 
 
 17
 Section 541 of the Bankruptcy Code provides that upon the commencement of a voluntary or involuntary filing of bankruptcy, all legal or equitable interest of the bankrupt is transferred into the bankruptcy estate.[2] "[A]n 'attempt' ordinarily means an intent combined with an act falling short of the thing intended." Black's Law Dictionary 162 (5th ed. 1979).
 
 
 18
 Here, Fitzsimmons' Chapter 11 filing constituted an attempted transfer of his interest in the Litchfield trust. While ordinarily the filing of a chapter 11 petition would transfer all of the debtor's interest in property into the bankruptcy estate, under the terms of the Litchfield trust, this act constituted a renunciation of Fitzsimmons' rights and interests in the trust. Thereafter this interest passed to the Litchfield beneficiaries. We conclude that Fitzsimmons forfeited his interest in the Litchfield trust.
 
 
 19
 3. THE BANKRUPTCY TRUSTEE'S ATTEMPT TO REACH THE FORFEITED INTEREST
 
 
 20
 Even if Article Seven is valid and resulted in a forfeiture, the bankruptcy trustee contends nevertheless that the district court erred because the bankruptcy law allows her to reach Fitzsimmons' prior interest in the Litchfield trust because she represents among the claimants, the United States, in a claim that has priority. We disagree.
 
 
 21
 The bankruptcy trustee is correct when she asserts that her representation of the United States gives her priority over any claimants to the bankruptcy estate. Section 544(a)(2) provides that the bankruptcy trustee has the rights and powers of a creditor who "extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit an execution against the debtor that is returned unsatisfied at such time." When the United States is a creditor in the form of a tax lien, that lien has priority. See 11 U.S.C. Sec. 507(a)(7).
 
 
 22
 However, "[t]he fact that certain creditors may have a claim against the trust property does not enlarge the rights of the bankruptcy trustee." In re Cypert, 68 B.R. 449, 451 (Bankr.N.D.Tex.1987). In Cypert, the bankruptcy trustee attempted to reach the debtor's interest in a spendthrift trust under the "strong arm" powers of section 544(a)(2). The bankruptcy court rejected this attempt. The bankruptcy court noted that spendthrift trusts are excluded from the bankruptcy estate under section 541(c)(2). Id. at 450. Therefore, no part of the debtor's trust property was within the property of the bankruptcy estate. Id. at 451. The court concluded that the bankruptcy trustee had no claim to the trust property. Id. at 450.
 
 
 23
 In a similar situation, the Supreme Court also applied this principle in deciding a case arising before the modern bankruptcy codes. In Nichols v. Eaton, 91 U.S. 716, 23 L.Ed. 254 (1875), the Supreme Court interpreted a trust providing that the interest of the trust beneficiary would cease if the beneficiary alienated his interest in the trust. Id. 91 U.S. at 718. One of the beneficiaries filed for bankruptcy (the "bankrupt beneficiary"). Id. at 719. The assignee in bankruptcy attempted to reach the bankrupt beneficiary's interest in the trust for the benefit of his creditors. Id. The Court held that the provision in the trust was valid and that the bankruptcy of the beneficiary terminated his legal right in the trust estate. Id. at 730. Because the beneficiary's interest had terminated, no interest was left in him which could be reached by the assignee in bankruptcy for the benefit of creditors. Id.
 
 
 24
 We apply the principles of Cypert and Nichols to this case. Because, as we noted in section 2 of this opinion, Fitzsimmons forfeited his interest in the Litchfield trust when he filed a petition under Chapter 11, Fitzsimmons' interest in the Litchfield trust was not property within the bankruptcy estate. Therefore, under the principles of Cypert and Nichols there was no Litchfield trust interest in the bankruptcy estate for the bankruptcy trustee to reach, even though she had claim to priority.[3]
 
 
 25
 AFFIRMED.
 
 
 
 [1]
 The parties dispute the proper characterization of Article Seven. The bankruptcy trustee claims that the provision is a "partial spendthrift" provision. The beneficiaries claim it to be a forfeiture-on-alienation clause. Here, the provision is a forfeiture-on-alienation clause
 A spendthrift trust directly prohibits a beneficiary or his creditors from reaching the trust principal, or from alienating the trust income. In contrast, a forfeiture-on-alienation clause penalizes the beneficiary upon alienation of his trust interest. While the creditor fails in a claim against the trust in either case, under the spendthrift trust, the beneficiary continues to receive income, while under a forfeiture clause, the beneficiary loses any further interest in the trust. Because Article Seven provides that a beneficiary's attempt to alienate rights in the trust leads to a renunciation of all rights and interests in the trust, the provision is a forfeiture-on-alienation clause.
 We note that this forfeiture clause involves only a life interest.
 
 
 [2]
 Section 103(a) providing, "chapters 1, 3, and 5 of this title apply in a case under chapter 7, 11, 12 or 13 of this title," makes section 541 applicable to a case under chapter 11
 
 
 [3]
 Although both Nichols and Cypert involve spendthrift trusts rather than a forfeiture-on-alienation of a life interest, that distinction is not significant for our analysis. The basic point of Nichols is that bankruptcy law will respect a trustor's establishment of a trust so long as that trust does not sabotage creditor expectations. See In Re Evans, 88 B.R. 813, 816 (Bankr.M.D.Tenn.1988). Because a forfeiture-on-alienation of a life interest clearly puts creditors on notice that the property at issue cannot be transferred in satisfaction of a debt, no creditor's expectation can be breached