**In re Troy D. GRIFFIN, Debtor.**

**Bankruptcy No. 91–53761–RBK.**

United States Bankruptcy Court,
W.D. Texas,
San Antonio Division.

April 8, 1992.

Joseph W. Shulter, San Antonio, Tex., for debtor, Troy D. Griffin.

Vince J. Hightower, San Antonio, Tex., for party-in-interest, Inge T. Griffin.

## AMENDED OPINION

RONALD B. KING, Bankruptcy Judge.

The question in this case is whether a sailboat may be claimed as exempt under the "athletic and sporting equipment" category of section 42.002(a)(8) of the Texas Property Code. This Court holds that a sailboat is not included within the Texas exemption for athletic and sporting equipment, and, therefore, the objection to the claim of exemption is sustained and the exemption is disallowed.

Troy D. Griffin, the Debtor in this case, owns a 1985 Hobie 18 Magnum sailboat (the "Sailboat"). The Debtor claimed the Sailboat as exempt under state exemptions pursuant to section 42.002(a)(8) of the Texas Property Code. Inge T. Griffin (the "Creditor"), objected to the claimed exemption.

The exemption statutes in Texas were amended in May, 1991. Act of May 24, 1991, Ch. 175, § 3, 1991 Tex.Sess. Law Serv. 789, 792 (Vernon). Prior to the amendments, certain items of personal property were not exempt unless the property was reasonably necessary for the family or single adult. One of these items which had to be reasonably necessary for the family included "athletic and sporting equipment." Tex.Prop.Code Ann. § 42.-002(3)(E) (Vernon 1984) (amended 1991). After the amendments, however, athletic and sporting equipment were no longer required to be reasonably necessary for the family to qualify as exempt property. This case was filed after the effective date of the amendments, which now require only that the specific item of property fit within the category of "athletic and sporting equipment." Tex.Prop.Code Ann. § 42.-002(a)(8) (Vernon Supp.1992).

A few reported bankruptcy cases have briefly discussed whether boats qualify as "athletic and sporting equipment." *In re Payton*, 73 B.R. 31 (Bankr.W.D.Tex.1987) (not subject to exemption if objection filed); *In re Gibson*, 69 B.R. 534 (Bankr.N.D.Tex. 1987) (limited to small items for individual use); and *In re Cypert*, 68 B.R. 449 (Bankr.N.D.Tex.1987) (not reasonably necessary). The most extensive published discussion of whether a boat is included within the "athletic and sporting equipment" category is found in *Gibson*, in which the debtors claimed as exempt a 1968 Rivers boat which had a value of $800.00. The Debtors used the boat for recreational purposes, such as water skiing, and claimed the boat was exempt as "athletic and sporting equipment." *Gibson* did not allow exemption of the boat, however, because the court held that "athletic and sporting equipment" should be limited to small items for individual use. The court also reasoned that the word "equipment" does not include large items such as a boat and motor.

In *Cypert*, the debtor wanted to exempt a 1975 Glass Par boat as athletic or sporting equipment. *Cypert* focused on the fact that the boat was not reasonably necessary for the family in disallowing the exemption. *Cypert* did not address the issue of whether the boat would qualify as athletic or sporting equipment if it had been found reasonably necessary for the family.

A non-bankruptcy case, similar to *Cypert*, also discussed whether a boat can be exempt as "athletic and sporting equipment." *Hickey v. Couchman*, 797 S.W.2d 103 (Tex.App.—Corpus Christi 1990, writ denied). In *Hickey*, the debtor claimed a Zodiac inflatable boat was exempt as athletic or sporting equipment. As in *Cypert*, *Hickey* was decided when "athletic and

sporting equipment" had to be reasonably necessary for the family to be exempt. *Hickey* found that the boat was not reasonably necessary for the debtor and disallowed the exemption. It is again unclear whether the boat would have been exempt as "athletic or sporting equipment" if it had been reasonably necessary for the family.

The most extensive discussion of the athletic and sporting equipment exemption is found in an unreported opinion by Judge Leif M. Clark, *In re Schwarzbach,* Case No. 87–30817 (Bankr.W.D.Tex. May 22, 1989), in which Judge Clark determined that a sixteen foot bass boat was not exempt as athletic or sporting equipment. *Schwarzbach* agreed with the analysis of *Gibson* that "athletic and sporting equipment" is limited to small items for personal use. *Schwarzbach* also compared the language of two different exemptions included in section 42.002 and concluded that the Legislature contemplated an exemption for a boat only if the boat is used in a trade or profession. At the time *Schwarzbach* was decided, section 42.002(3)(B) allowed an exemption for "tools, equipment, books, and apparatus, *including a boat,* used in a trade or profession." Tex.Prop.Code Ann. § 42.002(3)(B) (Vernon 1984) (amended 1991). Today, that section includes "boats and motor vehicles." In contrast, the current section 42.002(a)(8) exemption for athletic and sporting equipment expressly includes bicycles, but not boats. *Schwarzbach* stated that inclusion of a boat in the category of "equipment ... used in trade or profession," was necessary because the word "equipment" does not normally suggest a boat. When the Legislature again used the word "equipment" in section 42.002(a)(8) in the category of "athletic and sporting equipment," the absence of any reference to boats shows that the Legislature did not intend to include boats as "athletic or sporting equipment."

Although *Cypert* and *Hickey* allow the possibility that boats might be classified as athletic and sporting equipment if reasonably necessary for the family, the issue was not decided in either case. Because the "reasonably necessary" language is no longer in the statute, neither *Cypert* nor *Hickey* is persuasive as to whether boats constitute "athletic or sporting equipment."

The purpose of exemption laws is to work a balance between protecting the debtor from destitution and allowing creditors to obtain payment on legitimate debts from the debtor's assets. This Court agrees with *Schwarzbach* and *Gibson* in holding that "athletic and sporting equipment" under the Texas exemption statute should be limited to small items for individual use. Allowing exemption of a sailboat or ski boat as "athletic and sporting equipment" would permit debtors to take undue advantage of the exemption laws and shield assets which are not necessary to a fresh start from the just claims of creditors. As so aptly stated by *In re Henricksen,* 131 B.R. 467, 472 (Bankr. N.D.Okla.1991): "Bankruptcy is intended to provide debtors with a fresh start, not with a fine finish."

For the reasons stated herein, the Creditor's objection to exemption is sustained and the Debtor's claim of exemption for the Sailboat is DENIED. This Opinion shall constitute the findings of fact and conclusions of law of this Court pursuant to Fed.R.Civ.P. 52 and Fed.R.Bankr.P. 7052 and 9014. An Order sustaining the Creditor's Objection has been entered.