**Revised November 9, 1998**

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 97-50995

_____


IN THE MATTER OF DAVID H. CROCKETT AND LELA A. CROCKETT,

Debtors,

DAVID H. CROCKETT AND LELA A. CROCKETT,

Plaintiffs-Appellants,


VERSUS


JOHN PATRICK LOWE,

Trustee-Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas
_____
November 3, 1998

Before REAVLEY, DAVIS, and DUHÉ, Circuit Judges.

DAVIS, Circuit Judge:

In this appeal, we are asked to determine whether a wave runner[1] qualifies as exempt personal property in a bankruptcy proceeding under the "athletic and sporting equipment" exemption found in TEX. PROP. CODE ANN. § 42.002(a)(8). We conclude that the appellants' wave runner is not exempt as athletic or sporting

_____

[1] A wave runner, generically known as a jet ski, is a small motorized vehicle designed to transport one or two persons over the water.

equipment and therefore affirm the judgment of the district court.

## I.

In January of 1997, Appellants David H. Crockett and Lela A. Crockett ("the Crocketts") filed a voluntary petition for bankruptcy under Chapter 7 of Title 11 of the United States Code. In their Schedule C, the Crocketts claimed a wave runner and its trailer as exempt "athletic and sporting equipment" under TEX. PROP. CODE ANN. § 42.002(a)(8). Appellants argue that this exemption should be interpreted broadly, based on the plain meaning of the statute, to include their wave runner. The trustee argues that the Texas legislature did not intend the exemption to include boats such as the appellants' wave runner. Both the bankruptcy court and the district court agreed with the trustee and held that the wave runner was not exempt because the equipment sought to be exempted was limited to "small items for individual use." This appeal followed.

## II.

We review *de novo* the district court's legal determination that a wave runner is not exempt property under TEX. PROP. CODE ANN. § 42.002(a)(8). *See Border v. McDaniel*, 70 F.3d 841, 842 (5th Cir.1995).

The debtors claimed personal property exemptions using the Texas exemption scheme under TEX. PROP. CODE ANN. § 42.002. This is permitted in the Bankruptcy Code under 11 U.S.C.A. § 522(b). Appellants argue that a wave runner is clearly "sporting equipment" under the Texas statute. Appellants also contend that nothing in

2

the statute limits the size, weight or category (i.e., land use versus water use) of property deemed "athletic and sporting equipment." Appellants point to the dictionary meaning of equipment as "implements used in an operation or activity" and "all the things used in a given work or useful in effecting a given end." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (1981). Appellants also rely on the liberal construction Texas courts give exemptions. *See In re Swift*, 129 F.2d 792, 801 (5th Cir.1997); *In re Baldowski*, 191 B.R. 102, 105 (Bankr. N.D. Tex. 1996) ("Tracing the evolution of the Texas exemption statute, it is clear that the Legislature continually expanded the statutes to cover more property.").

## III.

The reported bankruptcy court decisions are in general agreement that boats and watercraft are not exempt as "athletic and sporting equipment" under TEX. PROP. CODE ANN. § 42.002(a)(8) or its predecessor statute § 42.002(3)(E),which also required the item to be reasonably necessary in order to be exempt. These cases have given different reasons for this conclusion. In the present case, for example, the bankruptcy court concluded that "athletic and sporting equipment" should be limited to small items for individual use. The district court agreed with the bankruptcy court's conclusion. Other bankruptcy courts have reached the same result for this and other reasons. *See In re Gibson*, 69 B.R. 534, 535 (Bankr.N.D. Tex. 1987) (denying a claim of exemption of a 1968 Rivers boat under under § 42.002(3)(E)of the Texas Property Code,

3

holding that athletic and sporting equipment should be limited to small items for individual use); *In re Griffin*, 139 B.R. 415, 417 (Bankr.W.D. Tex. 1992) (denying the exemption of a Hobie sailboat because it was not a small item for individual use); *In re Payton*, 73 B.R. 31 (Bankr. W.D. Tex.1987) (stating in dicta that a boat would not qualify as "sporting goods"); *In re Cypert*, 68 B.R. 449 (Bankr.N.D. Tex. 1987) (denying the exemption of a Glass Par fishing boat because the debtors would not be able to show that the boat was "reasonably necessary"). In addition, a Texas appellate court case held that a boat was not reasonably necessary for the debtor under § 42.002(3)(E). *Hickey v. Couchman*, 797 S.W.2d 103 (Tex.App. Corpus Cristi 1990, writ denied).[2]

IV.

We find the most persuasive argument in support of the conclusion reached by the bankruptcy court and the district court is one that is based on a textual analysis of the Texas statute.

TEX. PROP. CODE ANN.§ 42.002(a)(1-12) provides a comprehensive list of the personal property that may be claimed exempt. A comparison of the language in subsections (4) and (8) of this section gives us insight into the Texas legislature's intent regarding boats as exempt property.

Section 42.002(a)(4) exempts "tools, *equipment*, books, and apparatus, *including boats and motor vehicles* used in a trade or

---

[2] Because the statute has been amended to delete the "reasonably necessary" requirement, these cases are not particularly helpful.

4

profession."(emphasis added). On the other hand, Section 42.002(a)(8), the subsection relevant to today's case, exempts "athletic or sporting *equipment*, *including bicycles*." (emphasis added).

The textual structure of Sections 42.002(a)(4) and 42.002(a)(8) is quite similar in that both use the word "equipment" and both contain a modifying clause designed to include items that might otherwise be omitted from the exemption. Section 42.002(a)(4)'s modifying clause includes "boats and motor vehicles," whereas Section 42.002(a)(8)'s modifying clause includes only "bicycles." The absence of the phrase "boats and motor vehicles" from Section 42.002(a)(8) is conspicuous. The Texas legislature was obviously aware of the potential ambiguities surrounding the word "equipment" with regard to boats and motor vehicles. It then acted to include those items as "equipment" where it felt such inclusion was appropriate. The fact that Section 42.002(a)(8) does not include boats and motor vehicles as examples of "equipment" leads us to conclude that the Texas legislature made a conscious choice to omit such items from subsection (a)(8)'s athletic and sporting equipment exemption. Because the Texas legislature chose to structure § 42.002 in this manner, we agree with the bankruptcy court and the district court that the debtors' wave runner is not exempt property.

For the reasons set out above, the judgment of the district court is AFFIRMED.