In re Barron D. GRANTHAM, Donna G. Grantham, Debtors.

No. 399–05797.

United States Bankruptcy Court, M.D. Tennessee.

Nov. 12, 1999.

Renard A. Hirsch, Smith & Hirsch, Nashville, TN, for debtor.

Jeanne Burton Gregory, Gibson & Gregory, Nashville, TN, for trustee.

## MEMORANDUM & ORDER

GEORGE C. PAINE, II, Chief Judge.

This matter is before the court on the debtor's motion to amend their exemptions, and the trustee's objection thereto. For the reasons more particularly described herein, the court sustains the trustee's objections, and denies the debtors' motion to amend.

The parties stipulated to the following:

1. The meeting of creditors in this case was held on August 16, 1999.

2. Trustee filed an objection to Debtors' exemption in a breast implant lawsuit on September 10, 1999.

3. The hearing on said objection was September 28, 1999.

4. No written response to Trustee's objection to exemptions was filed.

5. Trustee filed a statement of no opposition and order sustaining Trustee's objection to exemptions on September 23, 1999.

6. Said order was entered on October 6, 1999.

7. Debtors' amendment to petition was filed on September 30, 1999.

8. Trustee filed an objection to amendment to petition on October 29, 1999.

9. Debtor's motion to allow exemption was filed on October 25, 1999.

Debtor's original Schedule C listed as exempt "Breast Implant Suit" pursuant to T.C.A. § 26–2–102 and the value as "unknown" because the "debtor is not part of a class action" citing T.C.A. § 26–2–111(2)(b). The trustee objected stating that the debtors had claimed the lawsuit exempt under two statutes, and had failed to list the amount of the exemption or the value of the lawsuit.

A hearing was scheduled by the court on the trustee's objection for September 28, 1999. No written response to the objection was received, and neither the debtors nor their attorney appeared at the hearing. The trustee submitted an order which was signed by the court sustaining her objection to the exemption in the breast implant lawsuit in absence of opposition by the debtors.

The debtors filed a "notice of amendment" to amend their Schedule C on September 30, two days after the hearing. Under value, the debtors stated "$7,500 on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent." The statutory provision relied upon in the amendment is T.C.A. § 26–2–111(2)(b). The trustee objected arguing that the amendment was not timely. The debtors had failed to appear at the hearing, had failed to submit a written response to the objection, and should not now be allowed to claim this exemption by amendment.

 Federal Rule of Bankruptcy Procedure 1009 allows amendments to petitions, lists, schedules and statements "as a matter of course at any time before the case is closed." F.R.B.P. 1009 (1999). "The right to amend ... does not mean, however, that the debtor has an unfettered right to alter previously settled rights of affected entities." **Lawrence P. King,** COLLIER ON BANKRUPTCY ¶ 1009.02[1], **at 1009–3** (15th Ed.1999). To allow the amendment would prejudice the rights of the trustee and creditors seeking to object to the debtors' amended exemption.

In *Taylor v. Freeland & Kronz,* 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992), the United States Supreme Court ruled in no uncertain terms that once the thirty day period for objecting to a debtor's exemptions had expired without objec-

tions, the debtor's exemptions were final. The time for objections to the original claims is not reopened by amendment. Instead, the trustee is limited to objections just to the extent of the amendment. *See, In re Bernard,* 40 F.3d 1028 (9th Cir.1994), *cert. denied sub nom. Bernard v. Coyne,* 514 U.S. 1065, 115 S.Ct. 1695, 131 L.Ed.2d 559 (1995); *see e.g., In re Kazi,* 985 F.2d 318, 323 (7th Cir.1993); *In re Payton,* 73 B.R. 31, 33 (Bankr.W.D.Tex.1987). In this case, the amendment is the same exemption with a restated value. The trustee would not be allowed a new objection period under the United Supreme Court's decision in *Freeland & Kronz.* Accordingly, F.R.B.P. 1009(a) is not available to the debtors in this case.

■ Furthermore, the debtors may not now seek to amend their exemptions when they did not appear at the scheduled hearing on this very issue. Local Bankruptcy Rule 5.12 states as follows:

**5.12 Response Required**

Unless provided otherwise in a notice or order of by these local ruled, in all contested matters, any party in opposition to the relief required shall file and serve a written response denominated as an "answer" or "objection" on or before the earlier of ten (10) days after service of the motion (or other paper commencing the contested matter) or five (5) days before any hearing of the contested matter. The failure to file and serve a timely written response shall be deemed a state of no opposition to the relief requested.

L.B.R. 5.12, United States Bankruptcy Court, Middle District of Tennessee (1999). The debtors' failure to file a written response or even appear at the scheduled hearing on the exemption issue precludes relitigation of this issue by amendment to their Schedule C.

Accordingly, the court sustains the trustee's objection to the debtors' motion to amend their Schedule C exemption to include the breast implant lawsuit.

It is, THEREFORE, so ordered.