**RICHARDSON, Sheriff, et al. v. JOHNSON-LAYNE COFFEE CO. (No. 8824.)**

(Court of Civil Appeals of Texas. Dallas. April 28, 1923. Rehearing Denied June 2, 1923.)

Sheriffs and constables ⬤➝106—Sheriff and bondsmen not liable for failure to levy execution in case bankruptcy proceedings were begun before goods could be sold.

Where a sheriff, after receiving an indemnity bond to secure him in levying execution, if he had levied execution, could not have sold the property prior to bankruptcy proceedings of the execution debtor, when, under U. S. Comp. St. § 9651, subd. f, the property levied on would have passed to the trustee in bankruptcy, the sheriff and his bondsmen were not liable, under Rev. St. art. 3776, for failure to realize on the execution, nor under article 3777 for failure to make a return on the execution.

Appeal from Dallas County Court; Frank G. Harmon, Judge.

Action by the Johnson-Layne Coffee Company against H. J. Ellis. There was judgment for plaintiff on which execution issued, and plaintiff moved for judgment against G. A. Richardson, Sheriff, and the sureties on his bond, for failure to levy and return the execution. From judgment for plaintiff on the motion, said Richardson and others appeal. Reversed and rendered.

J. M. Terrell, of Dallas, and King, Mahaffey & Wheeler, of Texarkana, for appellants.

H. M. Kimbrough and Love & Rutledge, all of Dallas, for appellee.

JONES, C. J. Appellee recovered judgment in the court below against appellants in the sum of $278.75, with interest thereon from January 30, 1921, and appellants have prosecuted an appeal to this court for review.

The following is a brief statement of the origin and nature of the cause of action which resulted in the said judgment:

A suit was instituted by appellee, as plaintiff, against one H. J. Ellis, as defendant, in the county court at law No. 2 of Dallas county, to recover the sum of $269.75 against the said Ellis. Ellis was a retail merchant in the town of New Boston, Bowie county, Tex., and appellee a wholesale merchant in the city of Dallas, and the suit was for the

value of goods sold by appellee to said Ellis and for which payment had not been made. Judgment was rendered in this suit by default against Ellis for said amount on November 9, 1920. On November 30, 1920, appellee had an execution issued against the said H. G. Ellis, directed to the sheriff of Dallas county. A return was made on this execution to the effect that no property was found in Dallas county, and on the same day an alias execution was issued to the sheriff of Bowie county, Tex., against the said Ellis. At said time the said Ellis was still engaged in his business of a retail merchant. Appellant Richardson was the sheriff of Bowie county, Tex., and, as such, received the alias execution. One of his deputies took the execution in hand and attempted to collect the amount of the judgment from Ellis without the levy of the execution on his stock of goods. This deputy was told by Ellis that, if he would hold the execution a few days until he could collect some outstanding indebtedness due him, he would be able to, and would, pay the amount named in the execution; but, if the deputy attempted to levy the execution on his stock of goods, he would at once file a voluntary petition in bankruptcy. After making several ineffectual attempts of this character to collect the judgment, an indemnity bond was demanded of appellee before the sheriff would make the levy. On the 23d day of January, 1921, this indemnity bond was furnished the sheriff and the same deputy again attempted to collect the judgment, but did not levy the execution for the reason that, in his judgment, the levy of the execution would precipitate bankruptcy proceedings and would not realize any money for appellee. The constable at New Boston and the sheriff had other executions on judgments against the said Ellis.

On the 10th day of February, 1921, the said Ellis did file a voluntary petition in bankruptcy and was at once adjudged a bankrupt. After the bankruptcy proceedings the execution was returned with no formal return made on it, but it was accompanied by a letter explaining why no levy had been made, and which the officer regarded as his return on said execution.

On the 10th day of June, 1921, appellee filed his motion in the original cause of action against appellant Richardson, as sheriff of Bowie county, and against the other appellants, who are his official bondsmen, praying for judgment against them in the sum of $278.75, being the amount of the judgment and the costs in the original suit. This motion was filed under articles 3776 and 3777 of the Revised Statutes of the state of Texas, for failure to make the levy on the stock of goods of the said Ellis and for failure to make a return of the execution issued under said original judgment. Statutory notice of the filing of this motion was served on appellants, and each of them answered in this cause.

A trial was had before a jury and the issues of fact developed on the hearing of the cause were submitted to the jury on special issues. All of these issues were found by the jury in favor of appellee, and were to the effect that Richardson, as sheriff, was guilty of negligence in failing to levy the writ of execution after he received the indemnity bond; that appellee was damaged in the sum of $278.75 by reason of the failure of the sheriff to levy said execution; that on January 21, 1921, the liabilities of H. J. Ellis amounted to $6,000 and his assets were of the value of $7,500. On these findings a judgment was entered against appellants in the sum of $278.75 and costs of suit.

Various assignments of error are made and presented to this court, but it is only necessary to consider one of these assignments in our disposition of this case.

Appellants urge by proper assignment that the undisputed evidence shows that no amount of diligence on the part of the sheriff could have resulted in the collection of any part of the sum represented by the execution, for the reason that on the 10th day of February, 1921, Ellis, the execution debtor, was adjudged a bankrupt and his entire estate taken over by the bankrupt court for adjudication in behalf of all of his creditors. We are of the opinion that this assignment is well taken.

Article 3776 reads:

"Should an officer fail or refuse to levy upon or sell any property justly liable to execution, when the same might have been done, he and his sureties shall be liable to the party entitled to receive the money collected on such execution for the full amount of the debt, interests and costs, to be recovered on motion before the court from which said execution issued, five days' previous notice thereof being given to said officer and his sureties."

It will be noted that by the terms of said article liability is predicated upon the officer's failure or refusal to levy upon or sell property justly liable to execution when the same might have been done. This property could have been levied upon prior to the bankruptcy proceedings. It could not, however, have been sold within the time intervening from the 23d day of January, the day on which the indemnity bond was furnished, and the 10th day of February, the day on which the bankruptcy proceedings occurred. By the very terms of the bankrupt law the attachment proceedings under the execution would have been dissolved on the filing of this petition in bankruptcy, and the attachment lien acquired by such proceedings nullified. Bear v. Chase, 90 Fed. 920, 40 C. C. A. 182; In re Tune (D. C.) 115 Fed. 906; Dyke v. Farmersville Mill & Light Co. (Tex. Civ. App.) 175 S. W. 478; section 9651, U. S.

Compiled Statutes, subd. "f," and section 67 of the Bankrupt Act.

That portion of subdivision "f," of said section 9651 applicable to this case is as follows:

"That all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt," etc.

It will thus be seen that the most exacting construction in behalf of a creditor that could be placed on said article 3776 cannot justify the judgment against appellants in the instant case, for the reason that all of his property had thus been made secure against a writ of execution and its levy previous to bankruptcy could have availed appellee nothing.

Article 3777 reads:

"Should an officer neglect or refuse to return any execution as required by law, or should he make a false return thereon, he and his sureties shall be liable to the party entitled to receive the money collected on such execution for the full amount of the debt, interests and costs, to be recovered as provided in the preceding article."

This statute is very sweeping in its terms and makes the officer and his deputies liable to the party entitled to receive the money collected on the execution for the full amount of the debt on the officer's failure to return the execution. Its terms show that it is predicated on the proposition that the officer is made liable in the summary manner prescribed by the statute on his ability to have realized money on the execution had he been prompt in the performance of his duty when the execution was placed in his possession. If no money could possibly have been realized on the execution, it necessarily follows that no liability would attach to the sheriff and his bondsmen for the failure to make the return. This doctrine is announced in the case of Hale et al. v. Bickett, 34 Tex. Civ. App. 369, 78 S. W. 531. If the sheriff had attached the entire stock of goods in Ellis' store, before he could have sold the goods, as stated above, and made his return, the bankruptcy proceedings would have intervened and the sheriff would have been compelled to have surrendered all the attached goods in his possession, and all the proceedings instituted by him would have been dissolved.

The effect of the bankruptcy proceedings was to relegate appellee, as well as all other creditors of Ellis, to the bankrupt court, from which court appellee would have received on the indebtedness represented by his judgment whatever dividends might be properly awarded him out of the assets of the bankrupt's estate.

It appearing, therefore, that no possible injury resulted to appellee by the negligence of the sheriff in refusing to levy the execution placed in his hands, the judgment of the lower court is reversed and here rendered in favor of appellants.

Reversed and rendered.