**Solomon P. ORTIZ, Sheriff of Nueces County, Texas and St. Paul Fire and Marine Insurance Company, Appellants,**

v.

**M & M SALES COMPANY, Appellee.**

**No. 13-82-087-CV.**

Court of Appeals of Texas,
Corpus Christi.

June 23, 1983.

Rehearing Denied Sept. 8, 1983.

---

Michael Westergren, County Atty., Corpus Christi, for appellants.

J.R. Keeling, Corpus Christi, for appellee.

Before BISSETT, UTTER and GONZALEZ, JJ.

## OPINION

UTTER, Justice.

This is an appeal from a judgment in which appellee M & M Sales Company recovered damages from appellants Sheriff Ortiz and his surety St. Paul Fire and Marine Insurance Company which were allegedly caused by the sheriff's delay in issuing a writ of execution upon real property owned by the judgment debtor. The judgment debtor is not a party to this cause of action. The question presented is: Whether as a matter of law the filing of a petition in bankruptcy by the judgment debtor two days after notice by the judgment creditor to the Sheriff of the real property to be levied upon relieves the sheriff from liability under Tex.Rev.Civ.Stat.Ann. art. 3825 (Vernon 1966) for failure to immediately levy on such property. We hold that it does and accordingly reverse and render the judgment of the trial court.

The uncontradicted facts are as follows: that Deputy Sheriff Benavides was the supervisor of the Civil Process Section of the Nueces County Sheriff's Office; that he received a writ of execution on real property of the judgment debtor from appellee's attorney on Friday, May 1, 1981; that appellee's attorney advised him at that time that "the legal description of this property was incorrect; to hold off on it" until he could be provided "with a correct description"; that he was provided with a correct description of the property on Tuesday, May 5, 1981; that on that same day he "contacted" the judgment debtor "in accordance with Rule 637 of the Texas Rules of Civil Procedure to designate property"; that he did levy on the property on May 7, about 10:30 a.m., and approximately two hours after the filing of a bankruptcy petition by the judgment debtor; that, "after the 7th, [the property] was advertised for sale in the newspaper as required by law"; and that it was not until the day of the sale, June 2, 1981, that Deputy Benavides received a call from the county attorney "advising not to hold the sale due to the bankruptcy proceedings that were in effect." The sale was not held.

Appellee alleged in his motion for damages that appellant failed to levy upon the property of the judgment debtor. The appellant was then required to allege and prove any explanation or avoidance to plaintiff's cause of action. *UM & M Credit Corporation v. Doss,* 452 S.W.2d 45 (Tex. Civ.App.—Dallas 1970, writ ref'd n.r.e.); *Roos v. Garner,* 45 S.W.2d 633 (Tex.Civ. App.—Dallas 1931, writ dism'd). The avoidance specifically pleaded by appellant appeared in his First Amended Answer to Motion for Damages, in which he stated that:

"No significance law attaches to whether or not levy in this case was had before or after Bankruptcy was filed as ... Section 362 of the Bankruptcy Act ... provides for an automatic stay to both the

'commencement or continuation' (emphasis added)." [sic]

Having pleaded this defense, appellant could then avoid liability by showing that no injury resulted to the judgment creditor by reason of his default. *Burkett v. Simmons Hardware Co.,* 52 S.W.2d 675 (Tex. Civ.App.—Waco 1932, no writ).

Pertinent portions of Section 362 of the Federal Bankruptcy Act (11 U.S.C. 362) provide as follows:

"(a) Except as provided in subsection (b) or this section a petition filed under section 301, 302 or 303 of this title operates as a stay, applicable to all entities, of—

(1) The commencement or continuation, including the issuance or employment of process of a judicial, administrative or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) The enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

\* \* \* \* \* \*

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title . . ."

The statute under which appellant was held liable was Tex.Rev.Civ.Stat.Ann. art. 3825 (Vernon 1966), the pertinent part of which provides as follows:

"Should any officer fail or refuse to levy upon or sell any property subject to execution when the same might have been done, he and his sureties shall be liable to the party entitled to receive the money collected on such execution."

Rule 647 Texas Rules of Civil Procedures provides in part as follows:

"The time and place of sale of real estate under execution, order of sale, or venditioni exponas, shall be advertised by the officer by having the notice thereof published in the English language once a week for three consecutive weeks preceding such sale, in some newspaper published in said county."

It is apparent from the record and the applicable statutes and rules that even if the officer had levied on the real property on May 5, when the correct real property was specifically designated by appellee, there would have been no opportunity to have advertised and completed the sale of such real property by May 7th, the date of the filing of the bankruptcy petition by the judgment debtor. The automatic stay provisions of Section 362 would have prevented appellee from selling the property and recovering money to satisfy the judgment against it even if the levy had been effected anytime between May 1st and May 7th. In *Richardson v. Johnson-Layne Coffee Co.,* 252 S.W. 253, (Tex.Civ.App.—Dallas 1923, no writ), the Court was faced with a fact situation very similar to this case. The court held that a sheriff was not liable for failure to levy where bankruptcy prevented a sale of the property to be levied upon. The court reasoned that no liability could attach to the sheriff when no injury resulted to the judgment debtor from the negligence of the sheriff. Appellant's first and second points of error are sustained.

Appellee brings a cross-point of error, asserting as error the trial court's failure to award attorney's fees under the provisions of Tex.Rev.Civ.Stat.Ann. art. 3827a (Vernon Supp.1981).

In view of our holding in reversing and rendering this cause of action, appellee would not be entitled to recover attorney's fees as the unsuccessful party. *Jay-Lor Textiles, Inc. v. Pacific Compress Warehouse Company,* 547 S.W.2d 738 (Tex.Civ. App.—Corpus Christi 1977, writ ref'd n.r.e.). The points of error we have discussed dispose of the appeal; however, we have considered the remaining points of error and they are overruled.

The judgment of the trial court is reversed and rendered that appellees take nothing by their judgment.