Lester R. PERRY, Noble C. Allen and Ardith B. Perry, Appellants,

v.

R.J. WELCH, Appellee.

No. 13–86–301–CV.

Court of Appeals of Texas, Corpus Christi.

Jan. 15, 1987.

Rene Correa, Weslaco, for appellants.

Juan Rocha, Jr., McAllen, for appellee.

Before NYE, C.J., and KENNEDY and BENAVIDES, JJ.

## OPINION

NYE, Chief Justice.

This is a suit on two promissory notes. Appellee R.J. Welch was a partner in a Rio Grande Valley accounting firm. He sued to collect on substantially identical, non-negotiable promissory notes made by appellants Noble C. Allen and Lester R. Perry, who executed the notes on buying into the accounting partnership. Appellant Ardith B. Perry, Lester R. Perry's wife, also signed the Perry note. The trial court, after a non-jury trial on mostly stipulated evidence, rendered judgment for Welch. We affirm.

Appellants, Mr. & Mrs. Perry and Allen, attack the trial court's judgment through eighteen points of error. Appellants' first five points of error raise legal and factual sufficiency challenges to the trial court's conclusions of law that appellants failed to pay the amounts due to appellee under the promissory notes. In essence, they assert that they are not liable on the notes because a condition precedent to their liability remained unfulfilled. The stipulated evidence shows that Lester Perry and Noble Allen became partners of the accounting firm on July 1, 1980. On the same day, appellants signed and delivered their notes to appellee, as they did to the other accounting partners, to purchase a one-seventh interest in the firm. Appellants made note payments to appellee throughout June of 1981; however, both stopped making payments to appellee after he retired on July 31, 1981. The notes provide in part as follows:

This note, principal and interest, is payable in installments, with each installment being applied first to interest accrued to the date of such installment, and then to principal, and with the amount and payment date of each such installment being determined by the date and amount of each cash withdrawal of net

profits made *by the partners of Welch, White & Co.* pursuant to their written Partnership Agreement (emphasis added).

Appellants contend that the emphasized portion above amounts to a condition precedent. Because appellee Welch retired, appellants contend, the partnership dissolved; appellants thus received no profits *from the partners of Welch, White & Co.* This, they claim, absolves them from liability to Welch.

It is clear that this provision cannot not be interpreted as appellants contend. The entire contract must be read as a whole to determine whether the obligation was absolute or conditional. *See Wisznia v. Wilcox,* 438 S.W.2d 874, 876 (Tex.Civ. App.—Corpus Christi 1969, writ ref'd n.r. e.). Forfeiture of contractual duties by finding a condition precedent is to be avoided if another reasonable reading of the entire contract is possible. *Schwarz-Jordan, Inc. v. Delisle Construction Co.,* 569 S.W.2d 878, 881 (Tex.1978). Even the use of conditional terms, such as "if," "provided that," or "on condition that," does not necessarily indicate a condition precedent. *Id.* at 881; *Hohenberg Brothers Co. v. George E. Gibbons and Co.,* 537 S.W.2d 1, 3 (Tex.1976). Here, unconditional promises of the makers to pay the holder clearly appeared. The obligation was neither expressly nor impliedly made subject to a condition that the partnership remain unchanged during the entire life of the note. Had the parties to the agreement wanted to make the retirement of a partner or the withdrawal of a partner a condition, the contract could have easily so provided.

Appellants' fifth point of error complains that the trial court abused its discretion in not allowing appellants' counterclaim. The counterclaim, filed with appellants' answer to the suit on the notes, sought a declaratory judgment on their liability under the notes. In general, a declaratory judgment action will not be adjudicated if another proceeding, involving the same parties and issues, is pending. *Texas*

*Liquor Control Board v. Canyon Creek Land Corp.*, 456 S.W.2d 891, 895 (Tex. 1970). Here, the counterclaim merely raised defenses to appellee's suit. The trial court did not abuse its discretion.

■ Points six through seventeen all complain of the trial court's failure to make certain additional findings of fact and conclusions of law. These findings and conclusions were requested after the honorable trial court had made thirty-five findings of fact and twelve conclusions of law. These findings and conclusions fully summarized the pertinent evidence, mostly stipulated, and disposed of the issues before the court. As pointed out in a memorandum of law filed by the able trial judge, appellant's fifty-six requested findings and ten requested conclusions either disputed the trial court's original findings and conclusions or were merely evidentiary. Appellants make no showing that the requested findings and conclusions were required for a proper presentation of their appeal, nor do they make any showing of harm. As such, no reversible error occurred. *See Garcia v. Ramos*, 546 S.W.2d 400, 403–04 (Tex.Civ. App.—Corpus Christi 1977, no writ).

Although we have already overruled appellants' points of error regarding the trial court's refusal to make additional findings and conclusions of law, we will address appellants' arguments under those points concerning their defenses of failure of consideration and lack of consideration. Appellants contend that appellee's retirement was a supervening cause which occurred after the execution of the notes, causing appellee's promised performance to fail. *See O'Shea v. Coronado Transmission Co.*, 656 S.W.2d 557, 563 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.). We disagree.

■ The trial court found valid consideration. As such, the Court of Appeals will uphold the trial court's findings unless they are manifestly erroneous and without any evidence to support them or are so against the great weight and preponderance as to be manifestly wrong. *Hinojosa v. Castellow Chevrolet Oldsmobile, Inc.*, 678 S.W.2d 707, 713 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.). Here, appellants Lester Perry and Noble Allen each received a one-seventh interest in the partnership, including the right to receive profits and a share of the tangible and intangible assets of the firm. Contending now that they had not foreseen the mandatory retirement of appellee during the term of the note and that appellee took some of the firm's clients with him is not sufficient to defeat appellants' obligation to pay. It merely shows now that they may not have obtained all they were hoping for when they made the deal. Again, if appellants had foreseen such event as a condition for the payment of the notes, they could have so provided.

Appellants' final point of error challenges the trial court's conclusion that appellee was entitled to attorney's fees of $4,100 on each note. Appellants characterize the award as unreasonable, but depend their argument on the premise that the consideration for the notes failed in part. We overrule that contention.

The notes provide for attorney's fees at ten percent of the amount. They also provide that the attorney's fees bear interest at the same rate as the note amount. The trial court awarded appellee $33,127.69, plus $8,734.00 interest, and $4,100 attorney's fees on each note. No contention is made that the attorney's fees awarded were not the contractual amount that had been agreed to by the parties. In any event, the parties stipulated that, if appellee prevailed, he would be entitled to ten percent of the amount due as attorney's fees. Appellants' final point of error is overruled. The judgment of the trial court is affirmed.

BENAVIDES, J., not participating.