**Nueces County Sheriff James T. HICKEY, Appellant,**

v.

**Carolyn Jane COUCHMAN, Appellee.**

**No. 13-89-437-CV.**

Court of Appeals of Texas, Corpus Christi.

June 29, 1990.

Rehearing Overruled Aug. 31, 1990.

Second Motion for Rehearing Overruled Sept. 29, 1990.

Bradford M. Condit, Corpus Christi, for appellant.

Pat Morris, Nicolas, Morris & Barrow, Corpus Christi, for appellee.

Before KEYS, SEERDEN, and BENAVIDES, JJ.

## OPINION

KEYS, Justice.

The plaintiff in execution, Carolyn Jane Couchman, (appellee) filed a motion for damages against appellant, James T. Hickey, Sheriff of Nueces County under Tex. Civ.Prac. & Rem.Code Ann. § 34.065 (Vernon 1989) for failure to execute a judgment. After a bench trial the court rendered judgment in favor of appellee. By four points of error appellant contends that the trial court erred by failing to properly find facts and conclusions of law, in finding a willful violation of § 34.065, and in finding a lack of due diligence. He also challenges the legal and factual sufficiency of the judgment. We affirm in part, reverse in part and render judgment for appellee.

After Appellee and the debtor in execution, Steve Couchman (debtor) were divorced further litigation between the parties ensued. As a result, on April 29, 1988, appellee recovered a judgment against the debtor in the sum of $2,000.00 in damages, $1,000.00 for attorney's fees, and $164.00 for costs.

The debtor did not appeal. The trial court issued a writ of execution on July 7, 1988. Appellant received the writ on July 12, 1988. That day Ed VandenBout, a paralegal working for the law firm representing appellee, and Deputy Sheriff William Thompson, went to a condominium the debtor owned to execute. The debtor was not there, and VandenBout and the deputy did not execute on any property. While they were at the debtor's condominium, they observed two motorcycles, a beach buggy, a satellite dish, and a Zodiac inflatable boat. This property was awarded to him in the divorce decree.

They returned on Friday, July 15, 1988, and encountered the debtor. Most of the property they had earlier observed was present. The deputy noted license plate numbers on the vehicles. After requesting the debtor to designate property subject to execution, the debtor stated he had filed a personal bankruptcy. VandenBout and the deputy left the premises in agreeing that no execution could lie.

VandenBout checked the records of the bankruptcy court and determined that the debtor had not filed a petition in bankruptcy. After 5:00 p.m. on Friday he called the deputy and advised him of this. During the conversation, the deputy informed VandenBout that the titles to the vehicles at the debtor's house were not registered in Steve Couchman's name. After this con-

versation the deputy called the debtor's attorney, Dan Barber. Barber, or his office, informed the deputy that the debtor would file bankruptcy the following Monday, July 18, 1988.

After 5:00 p.m. on Friday, July 15, 1988, appellee, the plaintiff in execution, left a message at the deputy's office. Saturday morning the deputy called the appellee and was again notified that bankruptcy had not been filed. She also told him that at that moment a sale of the debtor's personal property was taking place at A & W storage, unit 99. The deputy was also informed that after the attempted execution on Friday, many items of personal property had been loaded into a U–Haul truck. Deputy Thompson told Carolyn that nothing could be done because the debtor was going to file bankruptcy. Thereafter the deputy did not execute on the property or take any other action.

■ On July 20, 1988 appellee filed a notice against appellant, seeking damages under Tex.Civ.Prac. & Rem.Code Ann. § 34.065 (Vernon 1986), alleging that the sheriff's deputy failed and refused to execute on the debtor's non-exempt property. Appellant responded with a general denial. Thereafter, on July 29, 1988, appellee filed the instant motion[1] for damages. Appellant amended his pleadings to show the defense of due diligence.

On November 1, 1988, over ninety days from the date of the attempted execution and the debtor's sale of his assets, he filed a Chapter 7 petition in bankruptcy. It was a no asset case. All of debtor's debts were discharged and appellee received no distribution from the proceedings.

After a hearing, the court found all issues in favor of appellee and entered judgment awarding her $2,000.00 but denying

her that portion of her judgment which was for attorney's fees.

Execution is governed by rule and statute[2]. Rule 637 imposes a duty on the sheriff to "proceed without delay to levy ... upon the property of the defendant found within his county not exempt from execution." Tex.R.Civ.P. 637. If the sheriff fails or refuses to execute upon the debtor's non-exempt property the Civil Practice and Remedies Code provides sanctions:

> If an officer fails or refuses to levy on or sell property subject to execution and the levy or sale could have taken place, the officer and his sureties are liable to the party entitled to receive the money collected on execution for the full amount of the debt, plus interest and costs. The total amount is recoverable on motion of the party filed with the court that issued the writ, following five days' notice to the officer and his sureties.

Tex.Civ.Prac. & Rem.Code Ann. § 34.065 (Vernon 1990).

From the founding of the Republic to this day the Supreme Court of Texas has not interpreted this statute literally; rather, consistent with the assumptions that the debtor is solvent and the plaintiff in execution has suffered an injury due to the sheriff's breach of duty, *Smith v. Perry*, 18 Tex. 510, 515 (1857), it has read several defenses and matters in avoidance into § 34.065. *See e.g. Cobbs v. Coleman*, 14 Tex. 594 (1855) (sheriff may defend by proving the debtor's assets are exempt); *Underwood v. Russell*, 4 Tex. 175 (1849) (sheriff may defend by proving he exercised due diligence).

■ The plaintiff in execution must plead his prima facie case in the following manner. The execution based on a valid

---

1. Filing a motion is the proper way to raise a claim under § 34.065. The writ of execution is a process, and not an action. Hence any issues concerning the propriety of the sheriff's actions in executing the writ are properly raised by motion in the issuing court. See § 34.065 (total amount of debt is recoverable on motion ...). However, it is not fatal if the movant does not designate his motion for damages as such. *See*

*Buckholts State Bank v. Thallman*, 196 S.W. 687, 690 (Tex.Civ.App.—Austin 1917, no writ).

2. The rules that govern execution are Tex.R. Civ.P. 621–656 (Vernon 1987). The statutes concerning the duties and liabilities of the executing officer are found at Tex.Civ.Prac. & Rem. Code §§ 34.061–34.067 (Vernon 1990).

judgment was issued and delivered to the sheriff, the debtor had some property "subject to execution" (i.e., ownership of non-exempt assets) in the county when the sheriff had the writ, the sheriff failed to seize the non-exempt property, and the judgment remains unpaid. *Henry S. Miller Co. v. Evans*, 452 S.W.2d 426 (Tex.1970).

■ After the plaintiff sets forth a prima facie case the sheriff may disprove an element thereof, *id.* (debtor's ownership of the assets). At that point, the burden shifts to the sheriff to plead and prove one of the defenses or mitigation. *Mooney v. Producers Grain Corp.*, 531 S.W.2d 699, 700 (Tex.Civ.App.—Amarillo 1975, no writ); *U.M. & M. Credit Corp. v. Doss*, 452 S.W.2d 45, 47 (Tex.Civ.App.—Dallas 1970, writ ref'd n.r.e.); *see also Smothers v. Field, Thayer & Co.*, 65 Tex. 435 (1886).

■ The most important defense the Court has read into § 34.065 is that the plaintiff was not injured by the failure to execute. This may be established in several different ways. For example, if the debtor is insolvent and no amount of diligence by the sheriff could have recovered any sum, no recovery is allowed. *Ellis v. Blanks*, 25 S.W. 309, 310 (Tex.Civ.App.—San Antonio 1894, no writ). If the debtors assets are exempt, no recovery is allowed, *Cobbs*, 14 Tex. at 596.

■ Several bankruptcy defenses exist. If the automatic stay is in effect the sheriff may not execute. *Ortiz v. M & M Sales Co.*, 656 S.W.2d 554 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.), 11 U.S.C. § 362 (1989). If the debtor files bankruptcy within 90 days of the execution the transfer may be set aside as a preference. *Richardson v. Johnson–Layne Coffee Co.*, 252 S.W. 253 (Tex.Civ.App.—Dallas 1923, no writ); 11 U.S.C. § 547 (1989). If the debtor files bankruptcy and the plaintiff's judgment is discharged, no recovery is allowed. *Richardson*, at 255. In each case, the intervention of the bankruptcy court provides the sheriff with the opportunity to prove no injury by his failure to execute.

■ Mitigation of damages may be shown if any of the defenses apply. This is established by proof that the market value of the debtor's non-exempt property is less than the amount of the underlying judgment held by the plaintiff in execution. In such a case the plaintiff in execution is entitled to recover only the amount he would have recovered if the sheriff had been diligent; *Fant Milling Co. v. May*, 240 S.W.2d 445 (Tex.Civ.App.—Dallas, 1951 writ ref'd n.r.e.), (stating the rule, but holding the sheriff was liable for the full amount of the judgment because he failed to plead and prove mitigation); *but see Hackler v. Kohnstamm & Co. of Texas*, 227 S.W.2d 347, 340 (Tex.Civ.App.—Dallas 1950, no writ) (stating that the sheriff would be liable for the full amount of the judgment if he fails to execute).

■ By his first point of error appellant complains that the trial court failed to properly prepare findings of fact and conclusions of law. The trial court found: 1) that the "judgment-debtor owned all or a substantial interest in each of the items"; 2) that "none of the items available for execution were exempt ..."; and 3) "that the aggregate value of the non-exempt property on which the sheriff could have levied exceeded $5,000.00; ...". Appellant argues that the trial court should have found for each asset 1) the debtor's ownership interest, 2) the fair market value, 3) whether it was exempt, and 4) what standard of law the court applied.

■ Rules 297 and 298 do not require the trial court to find facts unless they relate to ultimate or controlling issues. *Garcia v. Ramos*, 546 S.W.2d 400, 403 (Tex.Civ.App.—Corpus Christi 1977, no writ); *Huber v. Buder*, 434 S.W.2d 177 (Tex.Civ.App.—Fort Worth 1968, writ ref'd n.r.e.). Evidentiary or disputed findings that are not necessary for the court's decision and this appeal need not be filed. *Spence v. Fenchler*, 107 Tex. 443, 180 S.W. 597 (1915); *Eikenhorst v. Eikenhorst*, 746 S.W.2d 882, 888–89 (Tex.App.—Houston [1st Dist.] 1988, no writ); *Perry v. Welch*, 725 S.W.2d 347, 349 (Tex.App.—Corpus Christi 1987, no writ).

It was not necessary for the trial court to find the ownership, value, and exempt status of each asset because the ultimate and controlling issue is whether the aggregate value of non-exempt assets owned by the debtor is greater than $3,164.00. We hold the trial court properly prepared findings of fact and conclusions of law. We overrule appellant's first point.

By his second point of error, appellant complains that the trial court erred in finding that he willfully failed and refused to execute on non-exempt property. Apparently appellant is attempting to raise the issue of whether § 34.065 requires some mental state, or if it imposes strict liability on the sheriff who fails to execute. We do not reach this question because there is sufficient evidence supporting the trial court's finding that the deputy willfully failed to execute.

The statement of facts indicates that at the first attempt to levy by the deputy and VandenBout the debtor was not present, although his assets were. At the second attempt to execute, the debtor was present, but stated that he had filed bankruptcy. VandenBout and the deputy agreed no execution was proper if the debtor had filed bankruptcy. However, VandenBout and the deputy learned that same day that the debtor had not filed bankruptcy. The deputy also learned the next day from appellee that the debtor was moving and selling the very assets he was required to execute on.

When the deputy learned that bankruptcy had not been filed and the debtor was hiding and selling his assets, he had a duty to execute immediately. Tex.R.Civ.P. 637 (Vernon 1989). We hold that where a sheriff is aware of the debtor's non-exempt assets and is able to seize them but does not, he willfully and intentionally violates § 34.065. We overrule appellant's second point of error.

By his third point of error, appellant challenges the legal and factual sufficiency of the trial court's findings. Specifically, he contends that there is no evidence or insufficient evidence of ownership and fair market value of the debtor's assets. He also disputes the trial court's finding

that the probable value of the debtor's assets was greater than $20,000.00 on the date execution could have occurred.

A "no evidence" or "insufficient evidence" point is appropriate if the party without the burden of proof challenges a finding of fact. *Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex.1983). In determining a "no evidence" point, we consider only the evidence and inferences which tend to support the finding of fact and disregard all evidence and inferences to the contrary. *See International Armament Corp. v. King*, 686 S.W.2d 595, 597 (Tex.1985); *Larson v. Cook Consultants, Inc.* 690 S.W.2d 567, 568 (Tex.1985); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661–62 (1951). If any evidence of probative force supports the finding, we must overrule the point and uphold the finding. *In re King's Estate*, 244 S.W.2d at 661–62. On the other hand, an "insufficient evidence" point requires us to examine all evidence which supports and contradicts the finding, *Plas–Tex, Inc. v. U.S. Steel Corp.*, 772 S.W.2d 442, 445 (Tex.1989). *See also* Hall, *Standards of Appellate Review in Civil Appeals*, 21 St. Mary's L.J. 865, 908–09 (1990). The test is whether the evidence supporting the finding is so slight, or the evidence against it so strong, that the finding is manifestly unjust and quite clearly wrong. *See Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965); Hall, at 909.

Whether a finding was established as a "matter of law", or was "against the great weight and preponderance of the evidence" are the correct challenges to the legal and factual sufficiency of an adverse finding by the party with the burden of proof. *Croucher*, 660 S.W.2d at 58; *see also Conrad v. Orellana*, 661 S.W.2d 309 (Tex.App.—Corpus Christi 1983, no writ). A two-pronged inquiry is required for a "matter of law" point. First, the appellate court must examine the record for evidence supporting the finding of fact. Second, if no evidence supports the finding, the court must determine from the record whether the contrary proposition is established as a matter of law.

*Sterner v. Marathon Oil Co.,* 767 S.W.2d 686, 690 (Tex.1989). If a finding is "against the great weight and preponderance of the evidence" the inquiry is whether the finding is so contrary to the overwhelming weight of all relevant evidence as to be clearly wrong and unjust. *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986). *See generally, Standards of Appellate Review,* 21 St. Mary's L.J. at 906–923.

■ In the instant case, appellant did not have the burden of proof on the issue whether there were some assets subject to execution, *Henry S. Miller Co.,* 452 S.W.2d at 430. The trial court found this against him. He challenges the factual and legal sufficiency of this finding by a "no evidence" and an "insufficient evidence" point. From a review of the evidence supporting the finding we find some evidence of that fact, and after a review of all of the evidence we think this finding is not manifestly unjust. For example, appellee stated that the debtor had assets he owned in the county at the time appellant had the writ of execution. Moreover, the deputy actually saw the assets and verified that the debtor owned some interest in them. Mr. VandenBout also testified that the debtor was in possession of assets which could have been executed upon. These "no evidence" and "insufficient evidence" issues have no merit.

■ Appellant had the burden of proof to establish that the value of the assets subject to execution was less than the amount of appellee's judgment. *Fant Milling Co. v. May,* 240 S.W.2d 445, 449 (Tex.Civ.App.—Dallas 1951, writ ref'd n.r.e.). The trial court found that the debtor had more than $5,000.00 of assets subject to execution. Although appellant challenges this finding by a "no evidence" or "insufficient evidence" point, we review this as if he had properly challenged this finding by a "matter of law" and "against the great weight and preponderance of the evidence" objection. *Croucher,* 660 S.W.2d at 58; *see also Creative Mfg., Inc. v. Unik, Inc.,* 726 S.W.2d 207, 210 (Tex.App.—Fort Worth 1987, writ ref'd n.r.e.).

From a review of evidence supporting the finding that the debtor owned non-exempt assets of a value greater than the amount of appellee's judgment we find some evidence supports this finding and the contrary proposition is not established. The "matter of law" challenge has no merit.

■ Upon review of all of the evidence we conclude that the court's finding is not unjust or clearly wrong. In particular, the evidence shows that a dune buggy, a Zodiac inflatable boat, two satellite systems, three motorcycles, and many other assets were in the possession of the debtor. Possession of personal property raises a presumption of ownership. *Implement Dealers Mutual Ins. Co. v. Castleberry,* 368 S.W.2d 249, 254 (Tex.Civ.App.—Beaumont 1963, writ ref'd n.r.e.) ("Possession alone raises a presumption of ownership to real and personal property"). *See also Worth Tool & Die Co. v. Atlantis Electronics Corp.,* 398 S.W.2d 656, 657–58 (Tex.Civ. App.—Dallas 1965, writ dism'd by agr.) (possession of personal property raises presumption of ownership). We also note that appellee testified that the debtor owned these assets, and the divorce decree awarded these assets to him.

■ The satellite systems are clearly not subject to exemption. *See* Tex.Prop. Code Ann. § 42.002 (Vernon 1989). The dune buggy, boat, and motorcycles conceivably could be subject to exemptions, see *id.* at § 42.002(3)(E) and (4)(B); however, when requested, the debtor did not designate them as exempt. In order to be exempt the dune buggy and the boat had to be reasonably necessary for the debtor. *Id.* at § 42.002(3)(E). The trial court, by finding these assets non-exempt, implicitly held they were not reasonably necessary for the debtor. Testimony indicated that the debtor also owned other vehicles besides the motorcycles. Thus, the trial court applied the vehicle exemptions to these other vehicles, and allowed one motorcycle to be exempt.

■ Appellee also established by competent evidence that the value of the

assets was over $5,000.00. Appellee testified that the value of the debtor's assets was over $10,000.00 at the time of their divorce. Although a couch and other household furnishings were exempt, *see* § 42.002(1), there was sufficient evidence presented to the court to find that the value at the time of the attempted execution was over $5,000.00. Appellant did not put on any evidence of the value of these assets. He had the burden of proof to prove their value was less than $3,164.00. He failed to carry his burden here. Whether the trial court had sufficient evidence indicating that the debtor had over $20,-000.00 of assets at the time of non-execution is not material to this appeal. The issue is whether the debtor had over $3,164.00 worth of assets. Thus, this finding, if erroneous, is harmless error. Tex.R. App.P. 81(b)(1) (Vernon 1989). Appellant's third point of error is overruled.

◼ Appellant's fourth and final point of error is whether the sheriff exercised due diligence. This is a question of fact, and the fact was found against appellant. Appellant had the burden of proof on this issue. Although this point is not properly phrased as a "matter of law" or "against the great weight and preponderance of the evidence" point, we address this issue for the sake of thoroughness.

The evidence supporting the finding that the deputy willfully failed to execute on the debtor's assets supports the finding that appellant failed to exercise due diligence. We therefore overrule his fourth and final point of error.

◼ Appellee's cross point presents the issue whether the trial court should have rendered judgment against appellent for the amount of appellee's judgment against the debtor including attorney's fees. At trial the judge awarded $2,000.00 in damages against appellee. The judge did not award that portion of appellee's judgment against the debtor which represented attorney's fees.

The statute is not clear whether that portion of a judgment for attorney's fees should be awarded in a § 34.065 motion, thus we must construe § 34.065 to achieve the legislative purpose.

> The cardinal rule in statutory interpretation and construction is to seek out the legislative intent from a general view of the enactment as a whole, and, once the intent has been ascertained, to construe the statute so as to give effect to the purpose of the Legislature.... [A] statute is to be construed with reference to its manifest object, and if the language is susceptible of two constructions, one of which will carry out and the other defeat such manifest object, it should receive the former construction.

*Citizens Bank of Bryan v. First State Bank*, 580 S.W.2d 344, 348 (Tex.1979); *see also Collins v. City of El Campo*, 684 S.W.2d 756, 759 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.); *Gonzalez v. Gonzalez*, 672 S.W.2d 887, 890 (Tex.App.—Corpus Christi 1984, no writ).

◼ The manifest purpose of the statute is clear: to provide creditors with full compensation if the sheriff fails to execute. In *Smith v. Perry*, the Supreme Court of Texas stated: "[t]he primary object of the statute must have been to afford a redress for injuries". *Id.* at 515. Similarly, in *Ellis*, the court stated: "[i]ts object is to compel sheriffs to promptly perform a duty enjoined upon them by law, and to afford swift redress for any injuries resulting from a nonperformance of the duty". *Id.* at 310. In *Hackler*, 227 S.W.2d 347, 350 (Tex.Civ.App.—Dallas 1950, no writ) the Dallas court of appeals stated that "the primary object of the statute is to give compensation to the plaintiff in execution for any injury suffered by him on account of the default of the officer."

◼ We are aware that this statute is penal in nature and must be strictly construed in favor of the sheriff. *Id.* If we fail to provide the plaintiff in execution with the full measure of her damages, we would defeat the twin purposes of the statute: to compel the sheriff to execute promptly, and to provide full compensation

if he does not. Only by imposing a full measure of damages will prompt execution or full compensation be assured in all cases.

All of appellant's points of error are overruled. Appellee's cross point is sustained. We therefore affirm in part, reverse the trial court in part, and render judgment for appellee's attorney's fees and costs in addition to the recovery the court below awarded.

Before KEYS, SEERDEN and BENAVIDES, JJ.

## OPINION ON MOTION FOR REHEARING

KEYS, Justice.

Appellant complains in his motion for rehearing that this court erred in awarding attorneys' fees to appellee. There were two claims for attorneys' fees before the trial court, one for each suit brought by appellee.

The first claim for attorneys' fees was part of the judgment in the suit by appellee against Steve Couchman, the judgment debtor. As part of the judgment, the trial court awarded $1,000.00 in attorneys' fees, in addition to $2,000.00 in damages. It was this judgment that appellant failed to execute, and thereby became liable to appellee. In the instant case the trial court did not render judgment for appellee for that portion of the prior judgment which provided for attorneys' fees in the first case, holding that Tex.Civ.Prac. & Rem.Code Ann. § 34.065 (Vernon 1988) did not encompass recovery for such fees. Appellee raised that error by cross point and this court reversed that ruling.

The second claim is based on appellee's attorneys' fees for the instant suit against appellant, which were alleged to be over $2,000.00. The trial court did not admit evidence of such fees because appellee failed to disclose her attorney as a witness. On appeal this claim has not been raised.

Appellant's points of error arguing that this court erred in granting attorneys' fees in the instant case is based on the faulty premise that the fees granted were from the instant case, and not the underlying judgment. Appellants motion for rehearing is overruled.