NUMBER 13-00-514-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________

OSCAR ALLEN KNIGHT, Appellant,


v.


REBA LAVELLA VOLKART-KNIGHT, Appellee.

___________________________________________________________________


On appeal from the 107th District Court of Cameron County, Texas.

__________________________________________________________________


O P I N I O N

Before Justices Hinojosa, Yañez, and Castillo

Opinion by Justice Yañez


Appellant, Oscar Knight, appeals the trial court's granting of a final decree of divorce in a suit brought by appellee, Reba
Lavella Volkart-Knight, (1) to dissolve an alleged informal marriage. By seven issues, appellant challenges: (1) the legal and
factual sufficiency of the evidence supporting the trial court's determination that a common-law marriage existed; (2) the
legal and factual sufficiency of the evidence supporting the trial court's award of certain property, the division of the marital
estate, and the consequences of said property division with regard to the interests of appellant's son; and (3) the admission
of certain evidence at trial. Because we find the evidence factually insufficient to support one of the required elements of a
common-law marriage, we reverse and remand. 

Background

Many of the facts in this case are in dispute; however, the following facts are not disputed. Between May and June, 1995,
(2) appellant began staying overnight at appellee's house. (3) In July 1997, appellant purchased "The Koffee Klatch," a
restaurant which appellee managed. On April 9, 1998, the parties ceased to be involved as a couple, and this action was
filed by appellee on April 28, 1998. Following a bench trial, the trial court: (1) found that a common-law marriage existed;
(2) granted a divorce; (3) found that a downpayment made by appellant on the restaurant was a gift to appellee, and
awarded the restaurant to appellee; and (4) awarded certain property to each party, and allocated certain debts between the
parties. This appeal ensued.

Standard of Review


A "no evidence" standard of review is applied when the party without the burden of proof challenges a finding of fact by
arguing that the evidence is legally insufficient to support the finding. Hickey v. Couchman, 797 S.W.2d 103, 109 (Tex.
App.-Corpus Christi 1990, writ denied) (citing Croucher v. Croucher, 660 S.W.2d 55, 58 (Tex. 1983)). Under a legal
sufficiency standard, reviewing courts must consider all evidence which is favorable to the trial court's verdict, indulging
every reasonable inference in favor of the judgment. Associated Indem. Corp. v. CAT Contracting, 964 S.W.2d 276,
285-86 (Tex. 1998); Edwards v. Peña, 38 S.W.3d 191, 196 (Tex. App.-Corpus Christi 2001, no pet.). The findings are
legally sufficient if they are supported by more than a scintilla of evidence. Formosa Plastics Corp. USA v. Presidio Eng'rs
and Contractors, Inc., 960 S.W.2d 41, 48 (Tex. 1998); Adams v. H&H Meat Prods., Inc., 41 S.W.3d 762, 770 (Tex.
App.-Corpus Christi 2001, no pet.).

Courts reviewing findings under a factual sufficiency standard must consider and weigh all of the evidence, and set aside
the verdict only if the findings are so contrary to the great weight and preponderance of the evidence as to be clearly wrong
and unjust. Cain v. Bain, 709 S.W.2d 175, 176 (1986); Krishnan v. Ramirez, 42 S.W.3d 205, 211-12 (Tex. App.-Corpus
Christi 2001, pet. denied).

Informal Marriage

The three elements of a common-law marriage are: (1) an agreement to be married; (2) after the agreement, living together
in Texas as husband and wife; and (3) representing to others in Texas that they are married. Tex. Fam. Code Ann. §
2.401(a)(2) (Vernon 1998); Russell v. Russell, 865 S.W.2d 929, 932 (Tex. 1993); Villegas v. Griffin Indus., 975 S.W.2d
745, 749 (Tex. App.-Corpus Christi 1998, pet. denied); State v. Mireles, 904 S.W.2d 885, 887-88 (Tex. App.-Corpus
Christi 1995, pet. ref'd). A common-law marriage does not exist until the concurrence of all three elements. Winfield v.
Renfro, 821 S.W.2d 640, 645 (Tex. App.-Houston [1st Dist.] 1991, writ denied). The burden of proof is on the one seeking
to establish the existence of such a marriage. Mireles, 904 S.W.2d at 888. A proponent may prove an agreement to be
married by circumstantial as well as direct evidence. Russell, 865 S.W.2d at 933. 

The statutory requirement of "representation to others" is synonymous with the judicial requirement of "holding out to the
public." Eris v. Phares, 39 S.W.3d 708, 714-15 (Tex. App.-Houston [1st Dist.] 2001, pet. denied). It is well-settled that
"holding out" may be established by conduct and actions of the parties. Id. at 715. Spoken words are not necessary to
establish representation as husband and wife. Id. Occasional introductions as husband and wife do not establish the
element of holding out. Id. (citing Winfield, 821 S.W.2d at 651). The requirement of holding out may be established by
evidence that the couple has a reputation in the community for being married. Id. 

Discussion


With his first issue, appellant argues that the evidence presented at trial is legally and factually insufficient to support the
trial court's finding that an informal marriage existed. Appellant challenges the legal and factual sufficiency of all three
elements: an agreement to be married, living together as man and wife, and representing to others that they were married. 
We begin by addressing the legal and factual sufficiency of the evidence supporting the implied finding that the parties
represented to others that they were married. 

Legal Sufficiency of Holding Out

In the present case, a friend of appellee and two of her employees testified that they heard appellant refer to appellee as his
wife to several customers. A cook at the restaurant testified that he heard both employees and customers discussing the
marriage between appellant and appellee. Appellee's daughter also testified that customers stated that appellant and
appellee were married. This is more than a scintilla of evidence that the parties represented to others that they were
married. Eris, 39 S.W.3d at 715;Winfield, 821 S.W.2d at 648-49. We reject appellant's legal sufficiency challenge to the
holding out requirement. 

Factual Sufficiency of Holding Out 

During direct examination, appellee testified that only close friends, family members, and some of the restaurant's
customers were informed of the marriage between the parties. Additionally, those witnesses who testified that they were
told of the alleged marriage consisted of close friends, employees, and family members. Occasional introductions as
husband and wife do not establish the element of holding out. Eris, 39 S.W.3d at 715; Winfield, 821 S.W.2d at 651. In her
testimony during direct examination, appellee admitted that she and appellant did not seek a religious or civil marriage
ceremony because they did not want public acknowledgment of their marriage. 

In contrast to the testimony of appellee's witnesses, appellant presented friends, customers, and a former employee who
testified that the couple never held themselves out as married. Appellant also presented the testimony of the couple's
accountant and a loan officer. Both appellee and her accountant testified that during the period in which she claims to have
been married to appellant, she filed income tax returns with the Internal Revenue Service listing her marital status as
separate and single. On appeal, appellee argues that it is common practice for individuals to misrepresent information on
their income tax returns for financial purposes. However, appellee cites us to no authority, and we have found none,
providing an exception to the holding out requirement for the IRS. Additionally, appellee's accountant, an individual
whom she knew in a professional capacity well before she met appellant, was first notified of the alleged marriage (4) only
after appellee's petition for divorce was filed. 

The record also contains evidence that appellee represented herself as single when signing as a co-borrower with appellant
on a loan. The loan officer testified that different procedures exist when a married couple applies for a loan as opposed to
when two people apply for a loan as co-borrowers. Appellant and appellee did not apply for the loan as husband and wife,
and did not protest when given loan applications for non-married individuals. Considering that appellee's evidence shows
that she held out only to family, friends, and some customers, we afford great significance to the testimony regarding
appellee's tax statements and loan application. Winfield, 821 S.W.2d at 650. Considering all the evidence, we hold that the
evidence is factually insufficient to support the required element that the parties represented to others that they were
married. See Eris, 39 S.W.3d at 716-17; Winfield, 821 S.W.2d at 649-51. 

Conclusion

We hold that appellee's testimony as to the nature of her relationship with appellant, as well as the testimony of appellee's
witnesses, provides more than a scintilla of evidence that the parties represented to others that they were married. 
Considering all the evidence, however, including appellee's representation of her status as "single" on a loan application
and her tax returns, we conclude that the evidence supporting the implied finding that the parties represented to others that
they were married is so weak and insufficient as to be manifestly unjust. See Cain, 709 S.W.2d at 176. 

Because we find the evidence is factually insufficient to support the required element of an informal marriage that the
parties represented to others that they were married, we hold that appellee failed to establish an informal marriage. We
sustain appellant's first issue. 

Because we have found that appellee failed to establish an informal marriage, the court's other orders concerning the
granting of a divorce and the award of certain property and allocation of debts cannot stand. See Flores v. Flores, 847
S.W.2d 648, 654 (Tex. App.-Waco 1993, writ denied). Because our ruling on the first issue is dispositive, we do not
address the remaining issues. Tex. R. App. P. 47.1.

We REVERSE the judgment of the trial court and REMAND for further action consistent with this opinion. 

 

LINDA REYNA YAÑEZ

Justice




Do not publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this the

19th day of July, 2001.

1. The record indicates that appellee never used the surname "Knight" in any manner prior to filing suit in district court to
dissolve the alleged informal marriage. 

2. The exact dates are in dispute by the parties.

3. There is further dispute as to whether or not the parties cohabited. Appellee claims that appellant moved into her home
in Harlingen, while appellant contends that the parties maintained separate residences, and kept extra clothes at the other's
residence in case they "overnighted."

4. The accountant testified that he became aware of an alleged marriage between appellant and appellee when appellant told
him he was being sued for divorce. As a result, the accountant recommended to appellee that she change the marital status
listed on her upcoming tax returns.