NUMBER 13-04-102-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


RAQUEL RIOS, Appellant,


v.



JAVIER VEGA AND

IRMA P. VEGA, Appellees.

 


On appeal from the 197th District Court of Cameron County, Texas.


 


MEMORANDUM OPINION



Before Justices Yañez, Castillo and Garza


Memorandum Opinion by Justice Yañez
 

 Appellant, Raquel Rios, sued appellees, Javier Vega and Irma P. Vega (collectively
"the Vegas"), to recover money they allegedly owed her. Following a bench trial, the trial
court rendered a take-nothing judgment against Rios. On appeal, Rios asserts that the
evidence is legally and factually insufficient to support the judgment. We affirm.

Background (1)

 On February 26, 1993, Rios executed a real estate lien note to the Vegas for the
sum of $58,600, as the balance owed on the purchase price on forty acres in Cameron
County, Texas. After a number of partial payments, Rios reduced the balance owed to
$13,000. Around this time, Rios sold a three-acre tract to Ernesto Villalon in exchange for
a real estate lien note with a face value of $20,000. Rios then fully assigned the note to
the Vegas to satisfy the remaining $13,000 owed and to acquire a release of lien. The
assignment and release of lien were carried out and made effective contemporaneously. 
Rios later asserted that she was entitled to reimbursement from the Vegas because the
assignment placed the amount paid by her above the contracted for amount. This suit
subsequently followed.

Standard Of Review

 A "no evidence" standard of review is applied when the party without the burden of
proof challenges a finding of fact by arguing that the evidence is legally insufficient to
support the finding. (2) Under a legal sufficiency standard, reviewing courts must consider
all evidence which is favorable to the trial court's verdict, indulging every reasonable
inference in favor of the judgment. (3) The findings are legally sufficient if they are supported
by more than a scintilla of evidence. (4)

 Courts reviewing findings under a factual sufficiency standard must consider and
weigh all of the evidence, and set aside the verdict only if the findings are so contrary to
the great weight and preponderance of the evidence as to be clearly wrong and unjust. (5)

Analysis

 The financial transactions between Rios and the Vegas were handled by Alicia
Pardo, a title company employee. Pardo testified that situations exist in which a debtor,
for the purpose of acquiring a release of lien, assigns a creditor a note with a value that
exceeds the amount owed. According to Pardo, only two documents are needed to
facilitate such a transaction, one signifying a transfer of lien and the other a release of lien. 
In the event that a debtor makes an assignment with the intent of being reimbursed money
paid in excess, which Pardo described as being "very rare" in occurrence, then a deed of
trust is needed to evidence that intent. (6) The evidence at trial revealed that Rios and the
Vegas only entered into a transfer of lien and a release of lien, not a deed of trust. Pardo
further testified that Rios told her that she wanted a release of lien in exchange for
assigning the $20,000 note to the Vegas, but at no time during the transaction did Rios
state that she expected a reimbursement. Lastly, Pardo testified that the Vegas were not
obligated to accept Rios' $20,000 note as satisfaction for the $13,000 still owed to them. 
The Vegas' acceptance, however, was a necessity for Rios because Villalon made his
purchase of the three-acre tract dependent upon Rios' ability to provide him with clear title.

 Javier Vega testified it was his understanding that Rios assigned the $20,000 note
in exchange for being credited for full payment on the debt owed and being given a release
of lien; he also testified that during the transaction Rios never informed him that she
anticipated being reimbursed any amount of money. Javier stated he would not have
agreed to the assignment had it been conditioned upon him reimbursing Vega for the
difference between the note's face value and the amount owed on the lien.

 After reviewing the release of lien and assignment agreements, we find the terms
contained therein to be unambiguous. When contract terms are unambiguous and do not
conflict with the law, those terms establish the parties' rights under the contract. (7) 
Accordingly, the assignment and release of lien afforded Rios the right to be released from
the lien she executed, and the Vegas had an unmitigated right to the proceeds stemming
from the assigned $20,000 note. Based on all the evidence, we believe that these rights
accurately reflect the intentions of Rios and the Vegas at the time they finalized the
agreements. (8)

 Rios did not argue mistake of fact as a basis for recovery, so that issue is not before
us. (9) At trial, as on appeal, Rios simply asserted that no additional agreement was needed
to evidence her right to be reimbursed money paid in excess; this is because the note she
executed specified that she owed the Vegas $58,600 and the evidence shows that she
overpaid this amount when she assigned the $20,000 note. This assertion fails, however,
because we believe the release of lien and assignment, though not referred as such by the
parties, operated as an implied accord and satisfaction, i.e., the parties agreed to the
discharge of an existing obligation in a manner other than in accordance with the terms of
their original contract or agreement. (10) Accordingly, we find that the evidence is legally and
factually sufficient to support the trial court's finding.

 The judgment of the trial court is affirmed.




 

 LINDA REYNA YAÑEZ,

 Justice





Memorandum opinion delivered and filed 

this the 21st day of December, 2006.

1. As this is a memorandum opinion and the parties are familiar with the facts, we will not recite them
here except as necessary to explain the Court's decision and the basic reasons for it. See Tex. R. App. P.
47.4.
2. Hickey v. Couchman, 797 S.W.2d 103, 109 (Tex. App.-Corpus Christi 1990, writ denied) (citing
Croucher v. Croucher, 660 S.W.2d 55, 58 (Tex. 1983)).
3. Associated Indem. Corp. v. CAT Contracting, 964 S.W.2d 276, 285-86 (Tex. 1998); Edwards v.
Pena, 38 S.W.3d 191, 196 (Tex. App.-Corpus Christi 2001, no pet.).
4. Formosa Plastics Corp. USA v. Presidio Eng'rs and Contractors, Inc., 960 S.W.2d 41, 48 (Tex.
1998); Adams v. H&H Meat Prods., Inc., 41 S.W.3d 762, 770 (Tex. App.-Corpus Christi 2001, no pet.).
5. Cain v. Bain, 709 S.W.2d 175, 176 (1986); Krishnan v. Ramirez, 42 S.W.3d 205, 211-12 (Tex.
App.-Corpus Christi 2001, pet. denied).
6. Pardo testified that she would have prepared a deed of trust if she knew Rios wanted a
reimbursement.
7. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. CBI Indus., 907 S.W.2d 517, 520 (Tex. 1995).
8. "Parties to a contract are bound by its plain terms and their intentions are to be ascertained from the
language of the contract itself and not from what they supposed it to contain." Bifano v. Econo Builders, Inc.,
401 S.W.2d 670, 676 (Tex. Civ. App.-Dallas 1966, writ ref'd n.r.e.) (quoting Magnolia Petroleum Co. v. Storm,
239 S.W.2d 437, 440 (Tex. Civ. App. 1950, writ ref'd n.r.e.)).
9. See R.G. McClung Cotton Co. v. Cotton Concentration Co., 479 S.W.2d 733, 743 n.3 (Tex. Civ.
App.-Dallas 1972, writ ref'd n.r.e.) (reflecting that plaintiff did not claim payments made under mistake of fact,
so question not before court).
10. See generally Avary v. Bank of Am., N.A., 72 S.W.3d 779, 788 (Tex. App.-Dallas 2002, pet.
denied).