NUMBER 13-04-00029-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

 

CALHOUN COUNTY APPRAISAL REVIEW BOARD

AND CALHOUN COUNTY APPRAISAL
DISTRICT,                      Appellants,

 

                                                             v.

 

THE STOFER LIMITED PARTNERSHIP

AND WELLS FARGO BANK TEXAS, N.A.,

AS TRUSTEE OF THE DAY P. McNEEL TRUST

AND MARY AUSTIN McNEEL TRUST,                                           Appellees.

 

    On appeal from the 24th District Court of Calhoun County,
Texas.

 

                       MEMORANDUM OPINION  

 

    Before Chief Justice Valdez and Justices Hinojosa and
Rodriguez

                         Memorandum
Opinion by Justice Hinojosa

 








This appeal results from a trial court
ruling in an ad valorem tax case. 
Appellants, the Calhoun County Appraisal Review Board and the Calhoun
County Appraisal District, denied open-space valuation for the years 2001 and
2002 on a 22-acre tract in Calhoun County. 
Appellees, The Stofer Limited Partnership and Wells Fargo Bank Texas,
N.A., as Trustee of the Day P. McNeel Trust and Mary Austin McNeel Trust
(collectively AStofer@), sought review in the district court.  After a trial to the bench, the trial court
reversed appellants= decision and granted the open-space
valuation.  In six points of error,
appellants contend the trial court erred in finding that the subject property
met the requirements for open-space valuation. 
We affirm.

The issues of law presented by this case are
well settled and the parties are familiar with the facts.  Therefore, we will not recite the law and
facts in this opinion except as necessary to advise the parties of the Court=s decision and the basic reasons for
it.  See Tex. R. App. P. 47.4.

                                  A.  Admission
and Exclusion of Evidence 

We review a trial court's decisions on the
admission or exclusion of evidence only to determine if the trial court abused
its discretion by acting without regard for any guiding rules or
principles.  Exxon Pipeline Co. v.
Zwahr, 88 S.W.3d 623, 629 (Tex. 2002); Gammill v. Jack Williams
Chevrolet, 972 S.W.2d 713, 718-19 (Tex. 1998); United Blood Servs. v.
Longoria, 938 S.W.2d 29, 31 (Tex. 1997). 
A challenge to a trial court=s evidentiary rulings will be successful
only if a review of the entire record shows that the error was harmful in that
the judgment turns on the particular evidence excluded or admitted.  City of Brownsville v. Alvarado, 897
S.W.2d 750, 753-54 (Tex. 1995).  

                                                        1.  Qualification of Expert








In their fourth point of error, appellants
assert that while Martin Lesikar was qualified to give expert opinions on
prudent agricultural practices, the trial court erred in qualifying Lesikar as
an expert witness on ad valorem taxation and open-space valuation.

To be admitted as an expert, a witness (1)
must be qualified, and (2) his proposed testimony must be relevant and
reliable.  E.I. du Pont de Nemours
& Co. v. Robinson, 923 S.W.2d 549, 556 (Tex. 1995); see Tex. R. Evid. 702.  Whether a witness is qualified as an expert
is a preliminary question to be decided by the trial court, and the party
offering the testimony must demonstrate that the witness Apossesses special knowledge as to the very
matter on which he proposes to give an opinion.@  Gammill,
972 S.W.2d at 718 (quoting Broders v. Heise, 924 S.W.2d 148, 151 (Tex.
1996)); see Tex. R. Evid.
104(a).  

The issue underlying whether the subject
property qualifies for open-space valuation is whether the property was
dedicated to agricultural use to the degree of intensity generally accepted in
the area.  See Tex. Tax Code Ann.' 23.51(1) (Vernon Supp. 2004-05).  Although Lesikar does not have training
specific to ad valorem taxation in Calhoun County, the record shows that he has
extensive experience and expertise in agricultural use of land and prudent land
management in areas very similar to Calhoun County.  Lesikar=s qualifications are sufficiently
specifically related to the core issues involved that we cannot say the trial
court abused its discretion in admitting Lesikar as an expert witness.  Appellants= fourth point of error is overruled.   

                           2.  Testimony on Additional Acreage Available
for Grazing 

In their fifth point of error, appellants
contend the trial court erred in excluding testimony from Andrew Hahn, Chief
Appraiser for Calhoun County, regarding other Stofer properties that may have
been available for the grazing of animals in addition to the subject
property.  








Regardless of whether the trial court erred,
we conclude that any potential error was harmless because the  testimony was cumulative of other testimony
already admitted.  See Tex. Dep=t of Transp. v. Able, 35 S.W.3d 608, 617 (Tex. 1999) (regardless
of admissibility, complaining party must still establish it was harmed by the
decision).  During cross-examination,
appellants questioned Allen Junek, the manager of the property, extensively
about the size and location of other Stofer properties.  Junek testified that these other properties
were available to lessees to rotate animals for grazing, but that he had no
knowledge regarding whether any animals grazed on the subject property were
moved to other Stofer properties or if lessees had access to non-Stofer
properties.  Additional testimony from
Hahn would not have added anything new to the evidence already in the record
such that it would have impacted the judgment. 
See Alvarado, 897 S.W.2d at 753-54.  We conclude the trial court did not abuse its
discretion in excluding the testimony. 
Appellants= fifth point of error is overruled.

                                                3.  Aerial Photographs of Property 

In their sixth point of error, appellants
contend the trial court erred in excluding aerial photographs taken of the
subject property the week before trial. 
Appellants acknowledge their failure to produce the photographs in
response to a written discovery request, see Tex. R. Civ. P. 192.3(b), but they argue that because they
were being offered to rebut and impeach testimony denying that the land was
heavily covered with brush, and that much of the cleared area on the property
was made up of the cleared public rights-of-way, there was no way to know
before trial that the photographs would be needed.  








If a party fails to timely supplement a
discovery response, see Tex. R.
Civ. P. 193.5, the evidence is automatically excluded unless the court
finds that (1) there was good cause, or (2) it will not unfairly surprise or
unfairly prejudice the other parties.  Alvarado
v. Farah Mfg. Co., 830 S.W.2d 911, 913-14 (Tex. 1992); see Tex. R. Civ. P. 193.6 (a).  The party seeking to introduce the evidence
bears the burden of establishing good cause or lack of surprise or unfair
prejudice, and such a finding by the court must be supported by the
record.  Tex. R. Civ. P. 193.6 (b). 

After reviewing the entire record, we
conclude that appellants did not establish good cause as to why the photographs
should be admitted.  While the aerial
photographs were excluded, Andrew Hahn testified that he flew over the property
and saw no significant interior pastureland, and that the public rights-of-way
were the most visible cleared areas.  In
addition, appellees= expert witness testified that only
twenty-five to thirty percent of the property could support vegetation adequate
for grazing, and a portion of that percentage was made up of the long-strait
areas designated by appellants as the public rights-of-way.  We consider this evidence to serve the same
substantive purpose for which appellants sought to admit the photographs.  Therefore, we conclude the trial court did
not abuse its discretion in excluding the photographs.  Appellants= sixth point of error is overruled.  

                                            B.  Sufficiency
of the Evidence








In their first point of error, appellants
contend there is no evidence or insufficient evidence to support the trial
court=s judgment that the Stofer property is
entitled to open-space valuation under the Property Tax Code.[1]  See Tex.
Tax Code Ann. '' 23.51 et seq. (Vernon 2001 & Supp.
2004-05).  In their second and third
points of error, appellants contend there is no evidence or insufficient
evidence to support (1) the trial court=s findings of fact that the Stofer property
was devoted principally to agricultural use to the degree of intensity
generally accepted in the area in the years 2001 and 2002, and (2) the trial
court=s conclusions of law that under the
provisions of the Property Tax Code the Stofer property qualifies for Aopen-space@ appraisal or valuation for the years 2001
and 2002.

The standards of review for legal
sufficiency (no evidence) and factual sufficiency (insufficient evidence)
challenges are well settled, and we will not recite them here.  See Bradford v. Vento, 48 S.W.3d 749, 754
(Tex. 2001) (legal sufficiency); Plas‑Tex, Inc. v. U.S. Steel Corp.,
772 S.W.2d 442, 445 (Tex. 1989) (factual sufficiency); see also Hickey v.
Couchman, 797 S.W.2d 103, 109 (Tex. App.BCorpus Christi 1990, writ denied) (legal and
factual sufficiency). 

To qualify for open-space valuation, land
must (1) be currently devoted principally to agricultural use to the degree of
intensity generally accepted in the area, and (2) must have been principally
devoted to agricultural use for five of the preceding seven years.  Tex.
Tax Code Ann. ' 23.51 (1) (Vernon Supp. 2004-05); see
Dallas Cent. Appraisal Dist. v. Seven Inv. Co., 813 S.W.2d 197, 200 (Tex.
App.BDallas 1991), rev=d on other grounds, 835 S.W.2d 75 (Tex. 1992).  Agricultural use includes the raising and
keeping of livestock, Tex. Tax Code
Ann. ' 23.51(2), and does not have to be an
occupation or business.  Reiss v.
Williamson County, 725 S.W.2d 633, 637 (Tex. App.BAustin 1987, writ denied).

                                                             1.  Findings of Fact








An appellant may challenge a trial court=s findings of fact for both legal and
factual sufficiency, and we review those findings of fact under the same legal
standards applied to the review of jury verdicts.  BMC Software Belg., N.V. v. Marchand,
83 S.W.3d 789, 794 (Tex. 2002); Ortiz v. Jones, 917 S.W.2d 770, 772
(Tex. 1996).  Appellants challenge the trial
court=s finding that the subject property was
devoted principally to agricultural use to the degree of intensity generally
accepted in the area during the years 2001 and 2002. 

The record shows that prior to the years in
question, the subject property had been qualified for open-space valuation
based on the raising of goats, and all parties appear to be in agreement that
the subject property is best suited for the raising of goats.  However, Junek testified that the goats were
removed from the property based on information from Hahn, Chief Appraiser for
Calhoun County, that the raising of goats would no longer qualify for
open-space valuation.  Subsequently,
Junek arranged with a lessee to rotate cows onto the subject property until
July 2000, when the cows were removed due to overgrazing.  In July 2001, Junek again arranged with
lessees to graze ten to twelve cows on the property based on further
information from Hahn that he needed more animals on the property.  The number of cows was reduced to six or
seven by November or December of 2001, when again all cows were removed from
the property due to over-grazing.

Junek also testified that in January 2002,
he returned thirteen goats and one burro to the property based on information
from Hahn that goats were once again acceptable.  However, due to the state of disrepair of the
fence on the property, the animals were removed in May 2002.  Although Junek attempted to have a new fence
put in quickly, heavy rain and other factors beyond his control prevented the
completion of the fence until May 2003. 








Hahn testified that he never informed Junek
that raising goats would not qualify the land for open-space valuation, and he
never told Junek to increase the number of cows on the property.  He also testified that he never discussed the
option of keeping goats, and Junek never asked him about that possibility.  In Hahn=s opinion, the property was not devoted to
agricultural use to the degree of intensity generally accepted in the area
because there were too few animals, not enough open areas for animals to graze,
inadequate fencing for the years in question, and animals were not kept on the
property for enough of the year.  However,
Lesikar testified that some landowners in areas similar to Calhoun county are
satisfied with using the land in its native state.  In his opinion, the goal of range management
was not necessarily to clear the land to maximize its carrying capacity.  He considered the property to have been
utilized as a prudent manager would during both 2001 and 2002. 

Appellants presented testimony from Hahn and
two field appraisers for Calhoun County that throughout the years in question,
they did not observe many animals on the property, nor did they observe any
physical signs that animals were being kept on the property for any extended
periods of time.  These witnesses also
testified that they did not enter the property to make their observations, and
that due to the heavy brush, they could not see into the interior of the
property.  

As fact finder, the trial court was the sole
judge of the credibility of the witnesses and the weight to be given their
testimony.  McGalliard v. Kuhlmann,
722 S.W.2d 694, 696 (Tex. 1986); Adams v. H & H Meat Prods., Inc.,
41 S.W.3d 762, 770 (Tex. App.BCorpus Christi 2001, no pet.).  Where there is conflicting evidence, the
trial court's determination on such matters is generally regarded as conclusive.  Adams, 41 S.W.3d at 770 (citing Montgomery
Ward & Co. v. Scharrenbeck, 204 S.W.2d 508, 512 (Tex. 1947)). 








Viewing the evidence in a light that tends
to support the trial court=s findings of fact and disregarding all
evidence and inferences to the contrary, we conclude that enough evidence
supporting the finding exists that would enable reasonable and fair-minded
people to differ in their conclusions.  See
Merrell Dow Pharms. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997).  Because the evidence supporting the trial
court=s findings of fact is more than a mere
scintilla, appellants= no evidence challenge fails.  Accordingly, we hold the evidence is legally
sufficient to support the trial court=s findings that the subject property was
used to the degree of intensity generally accepted in the area during the years
2001 and 2002.  See Bradford, 48 S.W.3d
at 754; Havner, 953 S.W.2d at 711; Stafford v. Stafford, 726
S.W.2d 14, 16 (Tex. 1987); Hickey, 797 S.W.2d at 109.  That part of appellants= second point of error relating to the trial
court=s findings of fact is overruled. 

In addition, after examining all the
evidence in the record that both supports and contradicts the judgment, we
conclude that the evidence supporting the trial court=s findings of fact is not so slight, nor the
evidence against them so strong, that the findings are clearly wrong or
manifestly unjust.  See Plas‑Tex,
Inc., 772 S.W.2d at 445; Cain v. Bain, 709 S.W.2d 175, 176 (Tex.
1986); Hickey, 797 S.W.2d at 109. 
We hold the evidence is factually sufficient to support the trial court=s findings of fact.  That part of appellants= third point of error relating to the trial
court=s findings of fact is overruled. 

                                                          2.  Conclusions of Law

An appellant may not challenge a trial
court's conclusions of law for factual insufficiency.  BMC Software Belg., 83 S.W.3d at
794.  That part of appellants= third point of error relating to the trial
court=s conclusions of law is overruled. 








We review a challenge to the trial court=s conclusions of law as a legal question,
reviewing de novo the trial court's application of the law to the facts.  BMC Software Belg., 83 S.W.3d at
794.  Appellants do not challenge whether
the subject property was principally devoted to agricultural use for the five
years preceding the years 2001 and 2002. 
Therefore, considering the trial court=s factual finding that the subject property
was devoted principally to agricultural use to the degree of intensity
generally accepted in the area in the years 2001 and 2002 as conclusive, we
hold the trial court correctly concluded that the subject property met the
qualifications for Aopen-space@ appraisal or valuation for the years 2001
and 2002 under the provisions of the Property Tax Code.  That part of appellants= second point of error relating to the trial
court=s conclusions of law is overruled. 

                                                                   3.  Judgment

Having held the trial court=s findings of fact to be both legally and
factually sufficient and that the trial court correctly applied the law to the
facts, we hold the evidence is legally and factually sufficient to support the
trial court=s judgment. 
Appellants= first point of error is overruled.

The judgment of the trial court is
affirmed.  

 

FEDERICO G. HINOJOSA

Justice

 

 

Memorandum
Opinion delivered and filed this

the
18th day of August, 2005.











[1]
Section 1.01 of the Texas Tax
Code provides that title 1 of that code Amay be cited as the Property Tax Code.@ 
See Tex. Tax Code Ann. ' 1.01 (Vernon 2001).